THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KOREY L. JOHNSON, Defendant-Appellant.

Fourth District   No. 4—97—0580

Opinion filed June 26, 1998.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

At a hearing in March 1997, the trial court ordered defendant, Korey L. Johnson, to pay for the attorney appointed to represent him on charges that he had violated the terms of his probation, pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3.1 (West 1996)). Defendant appeals the payment order, arguing that the court erred by failing to conduct the statutorily required hearing on his ability to pay. We agree and reverse and remand.

## I. BACKGROUND

In April 1995, defendant pleaded guilty to burglary (720 ILCS 5/19—1 (West 1994)) and was sentenced to 24 months' probation. On March 10, 1997, the State filed a petition seeking to revoke defendant's probation, and on March 24, 1997, the State filed a supplemental petition to revoke.

On March 13 and 24, 1997, defendant appeared in court on the petitions to revoke. On March 13, 1997, defendant asked for court-appointed counsel and presented the trial court with a financial affidavit in support of his request. On both dates, the court appointed counsel for defendant and ordered him to pay $300 at the rate of $30 per month for the court-appointed attorney, pursuant to section 113—3.1 of the Code. In April 1997, the court revoked defendant's probation. In May 1997, the court sentenced defendant to 42 months in prison. Defendant appeals only the payment orders, and the parties have stipulated on appeal that the court did not conduct a hearing in compliance with *People v. Love*, 177 Ill. 2d 550, 555, 687 N.E.2d 32, 35 (1997), before entering the payment orders at issue.

## II. ANALYSIS

■ Defendant argues that the trial court erred by failing to conduct a hearing on his ability to pay, as required by section 113—3.1(a) of the Code (725 ILCS 5/113—3.1(a) (West 1996)). We agree. That section provides, in pertinent part, as follows:

"Whenever *** the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113—3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties." 725 ILCS 5/113—3.1(a) (West 1996).

Thus, the statute requires a trial court to conduct a hearing regarding a defendant's financial resources to determine his ability to pay for court-appointed counsel. *Love*, 177 Ill. 2d at 555, 687 N.E.2d at 35. The hearing is a safeguard designed to ensure that a reimbursement order entered under section 113—3.1 of the Code meets constitutional due process standards. *Love*, 177 Ill. 2d at 564, 687 N.E.2d at 39. The supreme court has further explained that "[t]he hearing must focus on the foreseeable ability of the defendant to pay reimbursement as well as the costs of the representation provided." *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38. Thus, the statutorily required hearing need only (1) provide the defendant with notice that

the trial court is considering imposing a payment order, pursuant to section 113—3.1 of the Code, and (2) give the defendant an opportunity to present evidence regarding his ability to pay and other relevant circumstances, and otherwise to be heard regarding whether the court should impose such an order.

We emphasize that "notice" for purposes of this hearing means only that the court should inform defendant in open court immediately prior to the section 113—3.1 hearing of (1) the court's intention to hold such a hearing, (2) what action the court may take as a result of the hearing, and (3) the opportunity the defendant will have to present evidence and otherwise to be heard regarding whether any payment order should be entered, and, if so, in what amount.

Because the trial court did not conduct a hearing as required by section 113—3.1 of the Code before entering a payment order under that section, we reverse the payment order entered and remand for further proceedings consistent with the views expressed herein.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's payment order and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

GARMAN, P.J., and COOK, J., concur.