THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FELCHNER N. SPOTTS, Defendant-Appellant.

Second District   No. 2—98—0644

Opinion filed June 23, 1999.

G. Joseph Weller and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel A. Fish, State's Attorney, of Dixon (Martin P. Moltz and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RAPP delivered the opinion of the court:

Defendant, Felchner N. Spotts, was convicted of aggravated bat-

tery (720 ILCS 5/12—4(b)(8) (West 1996)). He appeals, contending that the trial court erred by requiring him to pay $4,295.64 for the cost of his appointed private counsel without holding a hearing to consider defendant's ability to pay. Even though defendant failed to raise this issue in the trial court, the waiver rule does not apply because of the failure to conduct a proper hearing. See *People v. Love*, 177 Ill. 2d 550, 564-65 (1997).

The evidence at trial showed that in June 1997 defendant worked for Arif Ali Khan at Domino's Pizza in Dixon. Defendant was fired on July 27 and on July 30 he returned to Domino's to pick up his paycheck. An argument ensued during which defendant kicked and shoved Khan. Defendant testified that he struck Khan in self-defense after Khan pointed a knife at him.

A jury found defendant guilty of aggravated battery and the court sentenced him to 24 months' probation, including a jail sentence of 140 days that consisted of time served. In the sentencing order, the court ordered defendant to pay $4,295.64 to the county as reimbursement for the cost of his defense within four months. The amount defendant was ordered to pay as reimbursement is precisely the same amount the county was ordered to pay counsel (not an employed public defender) as compensation for his services. Defendant filed a timely notice of appeal.

On appeal, defendant contends that the court erred in requiring him to pay a public defender fee without holding a hearing to determine his ability to pay. The State responds that the proceedings sufficiently complied with due process requirements because defendant had notice that the prosecutor would be seeking a public defender reimbursement, and defendant had the chance to present evidence of his financial condition during the sentencing hearing.

■ Section 113—3.1 of the Code of Criminal Procedure of 1963 provides that the court may require a defendant to reimburse the county for the cost of his court-appointed counsel. 725 ILCS 5/113—3.1(a) (West 1996). The statute further provides:

> "In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113—3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties." 725 ILCS 5/113—3.1(a) (West 1996).

■ The supreme court has held that section 113—3.1(a) requires the court to hold a hearing into defendant's financial resources as a precondition to ordering reimbursement. *Love*, 177 Ill. 2d at 555. The hearing must, at a minimum, provide defendant with notice that the trial court is considering imposing a payment order and give defen-

dant an opportunity to present evidence of his ability to pay and other relevant circumstances. *People v. Johnson*, 297 Ill. App. 3d 163, 164-65 (1998). "Notice" includes informing defendant of the court's intention to hold such a hearing, what action the court may take as a result of the hearing, and the opportunity defendant will have to present evidence or otherwise be heard. *Johnson*, 297 Ill. App. 3d at 165. Such a hearing is necessary to assure that an order entered under section 113—3.1 complies with due process. *Love*, 177 Ill. 2d at 558-60.

■ The record demonstrates that the proceedings here did not comply with due process standards. Defendant was technically on notice that the prosecutor would seek a public defender reimbursement because such a motion was on file. However, he had no notice that the matter would be taken up during the sentencing hearing. In fact, the matter was not mentioned at the sentencing hearing until the prosecutor, during his sentencing recommendation, said, "Also, judge, we are asking the Court make a ruling on our motion for P.D. fees that were [*sic*] previously filed."

Similarly, it is true that defendant had a chance to present evidence of his ability to pay in that he was at the sentencing hearing and, in fact, presented some evidence of his financial circumstances. However, this evidence seems to have been intended as mitigation, related more to his future prospects than his then-current financial condition. For example, defendant stated that he had been working 48 hours a week at "Woods" in Oregon. He had some technical training and hoped to complete training as a "Microsoft Certified Network Engineer," which with some experience might pay him up to $30,000 per year. However, this prospect was speculative at best. This evidence was relevant at sentencing to show that defendant was trying to improve his situation so that he could support himself and his mother, but it did not demonstrate that defendant was then able to pay more than $4,000 in attorney fees. Defense counsel's only response to the prosecutor's request for fees was that "there is some indication that the monies available to him are inconsistent. They're not always—he doesn't always have the available funds to pay some of the monies that the State was discussing."

A defendant's ability to pay must be reasonably foreseeable. *People v. Terry*, 170 Ill. App. 3d 484, 489 (1988). Here, the reality was that the presentence report showed that defendant had worked a series of low-wage restaurant jobs. He had recently been laid off from a part-time job at Dixon Webb. Before trial, he had spent 70 days in jail because he could not post $300 cash bond. A week after sentencing, defendant filed his notice of appeal and the trial court appointed the appellate defender to represent him, finding that defendant was indigent.

Although some evidence of defendant's financial condition was available, the record does not show that the court considered it before requiring defendant to pay for his public defender. Moreover, our review of the evidence indicates that defendant may not have had the ability to pay the full amount within the time allowed. We do not believe, in a case of appointed counsel other than the public defender, that the trial court is confronted with an "all or nothing" situation. A defendant should be ordered to reimburse a reasonable sum based upon his ability to pay, but not necessarily the reasonable fees allowed appointed counsel. Thus, this cause must be remanded for a hearing on defendant's ability to pay reimbursement and in what amount.

Defendant's conviction and sentence were not appealed and stand. The portion of the trial court's order requiring defendant to reimburse the county for public defender fees is reversed, and the cause is remanded for the court to conduct a hearing and determine the amount, if any, defendant is able to pay toward the cost of his defense.

Judgment for attorney fees reversed; cause remanded with directions.

BOWMAN, P.J., and HUTCHINSON, J., concur.