NO. 4-04-1071      Filed: 5/22/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|  Plaintiff-Appellee, | ) | Circuit Court of Ford |
|  v. | ) | County |
| LUIS BARBOSA, | ) | No. 04CF56 |
|  Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Stephen R. Pacey, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In November 2004, a jury convicted defendant, Luis Barbosa, of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2004)). The trial court later sentenced him to 18 months in prison and ordered him to pay fees and costs, including $750 in public-defender fees.

Defendant appeals, arguing only that the trial court erred by ordering him to pay the $750 public-defender fee without considering his ability to pay. Because we agree, we vacate that part of the trial court's sentencing order and remand for a hearing on defendant's ability to pay for such services, pursuant to section 113-3.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-3.1 (West 2004)).

I. BACKGROUND

In November 2004, a jury convicted defendant of domestic battery, and the trial court later sentenced him as stated. At the conclusion of a December 2004 hearing on defendant's motion to reconsider his sentence, the trial court denied his

motion and the following colloquy occurred:

"THE COURT: *** [Defense counsel], the only thing that remains is the amount of time you have in this case. So, I can make an assertion of the amount of reimbursement of the [p]ublic[-][d]efender fees.

[DEFENSE COUNSEL]: I mean, the trial and--

THE COURT: I am aware of that. You have an estimate of the amount of time that you have invested in this case?

[DEFENSE COUNSEL]: Oh, I would say it would be[,] given the trial[,] in excess of 15 hours.

THE COURT: Okay. [Defendant], any reason why the amount of $750 for reimbursement of Ford County [p]ublic[-][d]efender fees is not an appropriate amount?

[DEFENDANT]: Excuse me?

THE COURT: Any reason why the figure of $750 for reimbursement to the Ford County [p]ublic[-][d]efender fees is not an appropriate amount?

[DEFENDANT]: Sure. It is not an appropriate amount.

THE COURT: I think you are not happy

with the result but the time involved more than just--

[DEFENDANT]:  There was no time involved[,] just the little bit that he claimed here for trial.  That was it.

THE COURT:  Okay.  Well, you acknowledge that we had the better part of a day in trial.  All right.

[DEFENDANT]:  The better part of a day?

THE COURT:  Pardon.

[DEFENDANT]:  Is that what you said, a better part of a day in trial?

THE COURT:  Do you think you can hire an attorney for preparation for trial and a day's worth of time or a half day's worth of trial for $750, sir?

[DEFENDANT]:  You been doing everything you guys want to.  Certainly, [y]our [h]onor, you go ahead.  I am at the mercy of this [c]ourt.  So you go ahead.

THE COURT:  [Defendant], I asked you a question.  It's a simple answer.  Do you think you can hire an attorney for that, to perform or defend you in this case?  The record reflects--[defendant] any other argument you want [to make] regarding the reasonableness of this fee?  Any other argument or estimate you want to make regarding the reasonableness of that amount?

[DEFENDANT]:  I want to appeal.

THE COURT:  I am going to shortly advise you of your right to appeal.  This is your opportunity to--

[DEFENDANT]:  What opportunity, [y]our

[h]onor?  Your [h]onor, I had no opportunity here in this room.  All my rights have been violated in this [c]ourt.  What opportunity did I have here?

THE COURT:  [Defendant], one more time.  You want to make any other statement, argument, objections to the amount of $750 as reasonable?

[DEFENDANT]:  Yeah, I object to the $750.

THE COURT:  All right.  What's your objection to it?

[DEFENDANT]:  How many hours--I mean, how many hours did he work with me on this?

THE COURT:  You heard [defense counsel's] representation of the total amount of time.

[DEFENDANT]:  The record in this case reflects and then he was a [c]ourt[-]appointed attorney.  How can I pay for a [c]ourt[-]appointed attorney?

THE COURT:  [Defendant], you were admonished at the time I appointed [defense counsel] that you would be required to reimburse the county for all or part of the cost for your defense.

[DEFENDANT]:  Uh-huh.

THE COURT:  So, you have anything else you want to tell me why, about why you do not think that's a reasonable figure for time expended by--

[DEFENDANT]:  The 15 hours.  I don't believe it was 15 hours that he worked with me on this.

THE COURT:  Well, do you acknowledge that we were here on the 15th to pick a jury, 15th of November and picked a jury; correct?

[DEFENDANT]:  Yeah.

THE COURT:  Okay.  And then we were here on the 17th?

[DEFENDANT]:  Which was?

THE COURT:  For a jury trial.  Correct, correct, [defendant]?

[DEFENDANT]:  I plead the 5th on this one, [y]our [h]onor.  I am, I am not going to say--I am not going to answer anymore [sic] questions.

THE COURT: Okay.  Well, the record then reflects that you have declined an opportunity to make any further argument or any objections to the fees.  All right.  $750 is more than reasonable for [p]ublic[-]

[d]efender fees reimbursement in this case.

All right."

The court then advised defendant of his appeal rights and the hearing concluded.

This appeal followed.

## II. THE TRIAL COURT'S ORDER THAT DEFENDANT PAY $750 FOR HIS PUBLIC DEFENDER

Defendant argues that the trial court erred by ordering him to pay a $750 public-defender fee without considering defendant's ability to pay. We agree.

Section 113-3.1(a) of the Code provides, in pertinent part, as follows:

"Whenever *** the court appoints counsel to represent a defendant, the court may order the defendant to pay to the [c]lerk of the [c]ircuit [c]ourt a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under [s]ection 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties." 725 ILCS 5/113-3.1(a) (West 2004).

In 1997, our supreme court held that "[t]he language of [s]ection 113-3.1(a) clearly requires the trial court to conduct

a hearing into the defendant's financial resources as a precondition to ordering reimbursement." People v. Love, 177 Ill. 2d 550, 555, 687 N.E.2d 32, 35 (1997). Specifically, (1) "[t]he hearing must focus on the foreseeable ability of the defendant to pay reimbursement as well as the costs of the representation provided," and (2) the court must "find an ability to pay before [ordering] the defendant to pay reimbursement for appointed counsel." Love, 177 Ill. 2d at 563, 687 N.E.2d at 38. In addition, in People v. Johnson, 297 Ill. App. 3d 163, 164-65, 696 N.E.2d 1269, 1270 (1998), this court held that the defendant must (1) have notice that the trial court is considering imposing a payment order under section 113-3.1 of the Code and (2) be given the opportunity to present evidence or argument regarding his ability to pay and other relevant circumstances.

In People v. Bass, 351 Ill. App. 3d 1064, 1069, 815 N.E.2d 462, 467 (2004), at the conclusion of the defendant's sentencing hearing, the trial court (1) announced, "'[c]ause called for hearing as to court-appointed attorney fees'"; (2) asked the defendant where he was employed and how much he earned; and (3) assessed a court-appointed attorney fee of $500 against the defendant. On appeal, this court vacated the trial court's order imposing the $500 payment, upon concluding that (1) the only notice the defendant received was the court's call for a hearing and the two questions the court asked the defendant about his employment; (2) the defendant was not given an opportunity to present evidence regarding the assessment; and (3) the record did

not show that the court considered defendant's financial affidavit.  <u>Bass</u>, 351 Ill. App. 3d at 1070, 815 N.E.2d at 468.

The hearing conducted in this case was even further off the mark than the one conducted in <u>Bass</u>.  Here, (1) the trial court never (a) stated that defendant's ability to pay was at issue nor (b) asked any questions of defendant that would prompt him to address his financial condition; (2) the court's colloquy with defendant focused solely on the reasonableness of the attorney fee; (3) the record contains no indication that the court considered the defendant's financial affidavit or any other evidence of his financial resources; (4) the record does not contain a financial affidavit or any documentation indicating defendant's financial condition; and (5) the court did not make a finding regarding defendant's ability to pay.  We thus conclude that the court failed to conduct a hearing that complies with section 113-3.1(a) of the Code and <u>Love</u>.

In so concluding, we note that an adequate <u>Love</u> hearing need not be lengthy or complex.  As this court stated in <u>Johnson</u>:

> "[The] statutorily required hearing need only (1) provide the defendant with notice that the trial court is considering imposing a payment order, pursuant to section 113-3.1 of the Code, and (2) give the defendant an opportunity to present evidence regarding his ability to pay and other relevant circumstances, and otherwise to be heard regarding

whether the court should impose such an order." Johnson, 297 Ill. App. 3d at 164-65, 696 N.E.2d at 1270.

Accordingly, after the defendant is informed of the nature of the proceeding, the court should (1) receive evidence on the defendant's ability to pay, (2) make a finding thereon, (3) state for the record what evidence the court considered in making its finding and (4) if the ability to pay has been found, determine and set a reasonable reimbursement figure.  We note that it is entirely appropriate for the court to consider existing evidence of the defendant's financial condition, such as an affidavit prepared in order to obtain court-appointed counsel or a presentence investigation report that contains pertinent financial data.  If the court does so, it should state in its finding that those materials were relied on in reaching its determination.

Finally, we note that the trial court in this case did not err by considering the reasonableness of the public-defender fee.  Rather, the court erred by failing to consider at all what should be the primary focus of a Love hearing--namely, the defendant's ability to pay.

### III. CONCLUSION

For the reasons stated, we affirm defendant's conviction and sentence, vacate that portion of the trial court's sentencing order imposing the $750 public-defender fee, and remand for a hearing in conformity with section 113-3.1 of the Code.

Affirmed in part and vacated in part; cause remanded with directions.

APPLETON and KNECHT, JJ., concur.