No. 2-08-0858          Filed:  7-16-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07--CF--2426 |
| CHRISTOPHER S. SCHNEIDER, | ) ) | Honorable George Bridges, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Christopher S. Schneider appeals from his convictions of criminal sexual assault (720 ILCS 5/12--13(a)(1) (West 2006)) and aggravated domestic battery (720 ILCS 5/12--3.3(a) (West 2006)) based on acts that occurred in July 2007.  He contends that (1) it was plain error for the circuit court clerk to order him to pay a $250 public defender reimbursement fee without the trial court's consideration of his ability to pay under section 113--3.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113--3.1(a) (West 2006)), and the fee must be vacated without a remand for a hearing; (2) he is entitled to full monetary credit against a $10 mental health court assessment (55 ILCS 5/5--1101(d--5) (West 2006)) for time that he spent in custody; (3) under section 10(b) of the Violent Crime Victims Assistance Act (725 ILCS 240/10(b) (West 2006)), a victim's assistance fine of $25 must be reduced to $4; and (4) the court erred by entering a term of mandatory supervised release (MSR) of three years to life instead of a fixed term.  We vacate the public defender fee and

remand for a hearing, reimpose the mental health court assessment without awarding credit, reimpose the victim's assistance fine in the amount of $4, and affirm the MSR term.

## I. BACKGROUND

After his convictions, Schneider was sentenced to consecutive seven-year terms of incarceration with an MSR term of three years to life. Schneider was also ordered to pay a $250 public defender reimbursement fee, a $25 victim's assistance fine, and a $10 mental health court assessment. Those items were not discussed at sentencing and appear to have been entered by the clerk of the circuit court. After sentencing, the Department of Corrections listed Schneider's MSR term as life. Schneider appeals, seeking elimination or reduction of the fee and fines and seeking a remand for the court to specifically define his MSR term.

## II. ANALYSIS

### A. The Public Defender Fee

Schneider contends that the imposition of the public defender fee without consideration by the trial court of his ability to pay was plain error. He further contends that the matter cannot be remanded for a hearing. The State agrees that the fee was wrongly imposed without a hearing, but asks that this court remand the matter.

Section 113--3.1(a) provides:

"Whenever under either Section 113--3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113--3

of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113--3.1(a) (West 2006).

Section 113--3.1 requires the trial court to conduct a hearing into a defendant's financial circumstances and find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel. People v. Love, 177 Ill. 2d 550, 563 (1997). The hearing is required even where a cash bail bond has been posted, because the existence of a bond is not conclusive evidence of an ability to pay. Love, 177 Ill. 2d at 560-63. "The hearing must focus on the foreseeable ability of the defendant to pay reimbursement as well as the costs of the representation provided." Love, 177 Ill. 2d at 563.

"The hearing must, at a minimum, provide defendant with notice that the trial court is considering imposing a payment order and give defendant an opportunity to present evidence of his ability to pay and other relevant circumstances." People v. Spotts, 305 Ill. App. 3d 702, 703-04 (1999). "Notice" includes informing the defendant of the court's intention to hold such a hearing, the action the court may take as a result of the hearing, and the opportunity the defendant will have to present evidence and be heard. Spotts, 305 Ill. App. 3d at 704. "Such a hearing is necessary to assure that an order entered under section 113--3.1 complies with due process." Spotts, 305 Ill. App. 3d at 704. Rules of forfeiture do not apply. Love, 177 Ill. 2d at 564.

Here, the clerk of the court could not impose the fee without notice and a hearing before the trial court. Schneider argues that the remedy is to vacate the fee without a remand, while the State suggests that the cause should be remanded for a hearing.

Schneider's argument is based on the language in section 113--3.1(a) that the hearing must be held within 90 days after the entry of a final order disposing of the case at the trial level. 725 ILCS 5/113--3.1(a) (West 2006). Whether a court on remand may conduct a hearing and still impose the fee when more than 90 days has passed has not directly been addressed in Illinois. However, in Love, despite the passage of 90 days, our supreme court remanded the matter for a hearing. Love, 177 Ill. 2d at 565. We have followed suit. See, e.g., Spotts, 305 Ill. App. 3d at 705. We view the supreme court's practice to remand such cases as binding. Thus, under Love, we vacate the public defender fee and remand for notice and a hearing on the matter.

### B. Credit for the Mental Health Court Assessment

Schneider argues that he is entitled to credit against the $10 mental health court assessment for the time that he spent in custody. The State contends that he is not entitled to credit against the fine because he was incarcerated for sexual assault.

Although labeled as a fee under section 5--1101(d--5) of the Counties Code (55 ILCS 5--1101(d--5) (West 2006)), the mental health court assessment is a mandatory fine. See People v. Graves, 235 Ill. 2d 244, 255 (2009). Section 110--14(a) of the Code of Criminal Procedure of 1963 provides: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110--14(a) (West 2006). The defendant is entitled to the credit for each day or part of a day spent in jail prior to the imposition of

the sentence. People v. McCreary, 393 Ill. App. 3d 402, 408 (2009). The credit is not limited to people who apply for it at the trial level. People v. Woodard, 175 Ill. 2d 435, 447-48 (1997). Therefore, the normal rules of forfeiture do not apply, and the right is cognizable on appeal as a matter of course, subject to the defendant's application. Woodard, 175 Ill. 2d at 457. However, section 110--14(b) provides that subsection (a) does not apply to a person incarcerated for sexual assault as defined in section 5--9--1.7(a)(1) of the Unified Code of Corrections (730 ILCS 5/5--9--1.7(a)(1) (West 2006)). 725 ILCS 5/110--14(b) (West 2006).

Here, Schneider was convicted of criminal sexual assault, which falls under the definition of "sexual assault" in section 5--9--1.7(a)(1). 730 ILCS 5/5--9--1.7(a)(1) (West 2006). Accordingly, he is not entitled to credit against his mental health court assessment.

We observe that the clerk of the court appears to have imposed the fine. The imposition of any fine is a judicial act, and the clerk has no power to levy even mandatory fines that are not authorized by the court. People v. Evangelista, 393 Ill. App. 3d 395, 401 (2009). Thus, the clerk could not impose the fine. However, when presented with mandatory fines assessed by the clerk, we may vacate the fines and reimpose them ourselves. See Evangelista, 393 Ill. App. 3d at 401; see also 155 Ill. 2d R. 366(a)(5). Here, we vacate the fine and reimpose it in the amount of $10.

## C. The Victim's Assistance Fine

Schneider next seeks a reduction of the victim's assistance fine from $25 to $4. The State agrees.

Generally, sentencing claims not raised in a postsentencing motion are forfeited. See People v. Reed, 177 Ill. 2d 389, 393-94 (1997). However, a sentencing provision that lacks proper authority may be challenged at any time. People v. Chaney, 379 Ill. App. 3d 524, 528 (2008). But see People

v. Sharifpour, No. 2--08--0512, slip op. at 34-36 (June 3, 2010) (O'Malley, J., specially concurring) (questioning the rule).

The victim's assistance fine is mandatory. Evangelista, 393 Ill. App. 3d at 401; People v. Scott, 152 Ill. App. 3d 868, 873 (1987). However, the amount that the clerk of the court imposed is to be imposed only when "no other fine is imposed." 725 ILCS 240/10(c) (West 2006). Here, because the mental health court assessment is also a fine, there is another fine imposed, and thus subsection (c) is no longer applicable. Rather, Schneider's fine must be calculated under subsection (b), which provides that the court shall assess "an additional penalty of $4 for each $40, or fraction thereof, of fine imposed." 725 ILCS 240/10(b) (West 2006). Here, where the only other fine is $10, Schneider's victim's assistance fine totals $4. Further, the fine is not subject to the $5-per-day credit provision of section 110--14(a). 725 ILCS 240/10(c) (West 2006). As with the mental health court assessment, though, the fine appears to have been entered by the clerk of the court.[1] Accordingly, we vacate the fine, but reimpose it in the amount of $4.

## D. The MSR Term

Schneider next contends that the court erred by not setting a fixed MSR term. He argues that, by requiring a range from a minimum of three years to a maximum of natural life, section

---

[1]The current statute, as amended by Public Act 89--688(b) (Pub. Act 89--688(b), §2, eff. June 1, 1997), provides that the surcharge "shall be collected by the Clerk of the Circuit Court" (725 ILCS 240/10(b) (West 2008)), but Public Act 89--688 was held to violate the single-subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, §8(d)). See People v. Burdunice, 211 Ill. 2d 264, 267 (2004). Thus, the law reverts to what it was before the amendment.

5--8--1(d)(4) of the Unified Code of Corrections (Code) (730 ILCS 5/5--8--1(d)(4) (West 2006)) contemplates that a specific term within that range will be set. The State argues that, when the relevant statues are read together, the court is required to set an indeterminate MSR term, and the Department of Corrections then has the authority to determine the ultimate amount of time that the defendant will serve under that term. This is an issue of first impression in Illinois. "Because interpreting statutes presents a question of law, our review is de novo." People v. McKinney, 399 Ill. App. 3d 77, 80 (2010), citing People v. Aleman, 355 Ill. App. 3d 619, 624 (2005).

Section 5--8--1(d)(4) provides that the term of MSR for a person convicted of criminal sexual assault "shall range from a minimum of 3 years to a maximum of the natural life of the defendant." 730 ILCS 5/5--8--1(d)(4) (West 2006). "When we interpret statutes, we must ascertain and give effect to the legislature's intent, which is best determined by the language used in the statute." McKinney, 399 Ill. App. 3d at 80, citing Aleman, 355 Ill. App. 3d at 624. "The statute's words should be given their plain and ordinary meaning, and when the statutory language is unambiguous, this court must apply the statute without resorting to any aids of construction." McKinney, 399 Ill. App. 3d at 80, citing Aleman, 355 Ill. App. 3d at 624. Further, "criminal or penal statutes are to 'be strictly construed in favor of the accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute.' " People v. Taylor, 221 Ill. 2d 157, 162 (2006), quoting People v. Laubscher, 183 Ill. 2d 330, 337 (1998).

Schneider bases his argument largely on the plain language of section 5--8--1(d)(4), and also on his view of the purpose underlying the section. See Brucker v. Mercola, 227 Ill. 2d 502, 514 (2007) ("In determining the General Assembly's intent, we may properly consider not only the language of the statute, but also the purpose and necessity for the law, the evils sought to be

remedied, and the goals to be achieved"). He contends that the plain language of section 5--8--1(d)(4) contemplates a set term that is somewhere between three years and natural life. Although he does not include it, also affecting Schneider's argument is that, in 1977, Illinois generally replaced its system of indeterminate sentences with a system of determinate sentences, to reduce sentencing disparities by limiting the discretion of parole officials. See People v. Choate, 71 Ill. App. 3d 267, 271 (1979). "An indeterminate sentence is one which provides for both a minimum and a maximum sentence within the statutory range." Choate, 71 Ill. App. 3d at 271. A determinate sentence "is one which provides for a fixed amount of time, being the maximum, within the statutory range." Choate, 71 Ill. App. 3d at 271.

The State, for its part, asks us to consult other subsections in section 5--8--1(d), as well as other statutes, to determine whether the legislature intended section 5--8--1(d) to allow the imposition of indeterminate MSR terms. The interpretive principle the State invokes, in pari materia, allows "two statutes dealing with the same subject [to] be considered with reference to one another to give them harmonious effect." People v. McCarty, 223 Ill. 2d 109, 133 (2006). "The doctrine is also applicable to different sections of the same statute, and is consistent with the fundamental rule of statutory interpretation that all the provisions of a statute must be viewed as a whole." McCarty, 223 Ill. 2d at 133. However, a court may resort to the doctrine of in pari materia only if the statute in question is ambiguous. See Taylor, 221 Ill. 2d at 163 ("if the language of a statute is ambiguous, we may look to tools of interpretation--such as the doctrine of in pari materia--to ascertain the meaning of a provision"). Thus, the State's in pari materia approach is necessarily at odds with Schneider's argument that the plain language of section 5--8--1(d) supports his view.

As stated above, the relevant language from section 5--8--1(d)(4) provides that the MSR term "shall range from a minimum of 3 years to a maximum of the natural life of the defendant." 730 ILCS 5/5--8--1(d)(4) (West 2006). This passage can be read any of several ways. It can be read to require what the trial court did--impose a term of a range between three years and life. But it also can be read to require the trial court to impose a set term of MSR, as long as the term is within the range of three years to life. Or, it can be read to allow the trial court to do either. Because section 5--8--1(d)(4) can be interpreted in each of these ways, we agree with the State that it is ambiguous and thus that we may look beyond its language and employ tools of interpretation to determine its meaning. We therefore consider the State's in pari materia arguments.

As the State notes, other subsections of section 5--8--1(d) set specific terms, while only subsection (4) requires the range of three years to life. Compare 730 ILCS 5/5--8--1(d)(1), (d)(2), (d)(3), (d)(5) (West 2006) with 730 ILCS 5/5--8--1(d)(4) (West 2006). The Department is given broad authority to determine the conditions of MSR. 730 ILCS 5/3--3--7 (West 2006). Further, notwithstanding section 5--8--1(d), the Department may release a defendant from MSR when it determines that the defendant "is likely to remain at liberty without committing another offense." 730 ILCS 5/3--3--8(b) (West 2006). In addition, other statutes indicate that, although the MSR term is part of the sentence, only the prison term must be determinate. For example, section 3--3--3(c) of the Code provides that, except when sentenced to a prison term of natural life, a defendant "shall serve the full term of a determinate sentence less time credit for good behavior and shall then be released under the [MSR] provisions of [section 5--8--1(d)]." 730 ILCS 5/3--3--3(c) (West 2006). In regard to sex offenders, the Code specifically refers to "[e]xtended supervision of sex offenders," stating that "[t]he Department shall retain custody of all sex offenders placed on [MSR] pursuant to

clause (d)(4) of Section 5--8--1." 730 ILCS 5/3--14--2.5(a) (West 2006). The Code then provides procedures for defendants serving extended MSR terms to request discharge from supervision. 730 ILCS 5/3--14--2.5(d) (West 2006).

Based on the above, the State argues that the intent of the legislature in sexual assault cases is to require the court to set a minimum of three years' MSR with a possible maximum of natural life and then grant the Department the authority to determine how long the defendant remains on MSR after three years. We agree. Presumably the legislature, in using indeterminate language with regard to the MSR term long after it generally abolished indeterminate sentences, specifically intended indeterminate MSR terms in sexual assault cases. Further, the Code as a whole gives the Department broad authority to oversee the entire MSR process. For example, the Department can set conditions of MSR and release a defendant from MSR early. For sentences subject to section 5--8--1(d)(4), the statutes contemplate that defendants will serve "extended supervision" and, by including a formal process for a defendant to request release from MSR, the statues further intend that the Department will decide the ultimate amount of time the defendant serves on extended supervision.

Schneider challenges the above interpretation by arguing that it vests undue authority in the Department instead of the judiciary. Schneider points out that an MSR term is part of a criminal sentence (People v. Whitfield, 217 Ill. 2d 177, 188 (2005)) and that the power to impose a sentence is exclusively a function of the judiciary (People v. Latona, 184 Ill. 2d 260, 280 (1998)), and he thus argues that the Department does not have authority to determine the amount of time he serves on MSR. We disagree with Schneider's conclusion.

Schneider notes that MSR is part of the sentence and that it must be imposed by the court. But the fact that only a court may impose MSR does not prevent the court from imposing an

indeterminate MSR term. In such a case, the term is still imposed by the court as part of the sentence, but it is then administered by the Department, which can supervise the defendant for anywhere between three years and his or her natural life. That process does not remove from the court the initial authority to impose the sentence. Accordingly, we determine that the Code requires an indeterminate MSR term under section 5--8--1(d)(4), and we affirm the MSR term of three years to life.

## III. CONCLUSION

We (1) vacate the public defender fee and remand for a hearing; (2) vacate the mental health court assessment and reimpose it in the amount of $10 without awarding credit; (3) vacate and reimpose the victim's assistance fine in the amount of $4; and (4) affirm the MSR term. Accordingly, the judgment of the circuit court of Lake County is affirmed as modified in part and vacated in part, and the cause is remanded.

Affirmed as modified in part and vacated in part; cause remanded.

JORGENSEN and HUDSON, JJ., concur.