No. 2-09-0003     Filed: 11-9-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07--CF--3155 |
| ELIAS GUTIERREZ, | ) ) ) | Honorable George Bridges, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Elias Gutierrez, pleaded guilty to predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2008)). He was sentenced to 20 years' imprisonment and given credit for 345 days spent in presentencing custody. Thereafter, the clerk of the circuit court imposed various fines and fees, including a public defender fee, a pretrial bond supervision fee, and a mental health court fine. At issue in this appeal is the propriety of these charges and whether defendant is entitled to receive a credit against his mental health court fine for the time spent in presentencing custody. We affirm as modified in part and vacate in part, and we remand this cause for further proceedings.

I. BACKGROUND

On August 21, 2007, defendant was charged by complaint with one count of predatory criminal sexual assault of a child. He was arrested on August 22, 2007. The court set bond at $1

million and ordered as a condition of defendant's bond that defendant be supervised by pretrial bond services and pay a $75 fee. Defendant did not post bond. On September 19, 2007, a superseding indictment was filed, charging defendant with 18 counts of predatory criminal sexual assault of a child. Defendant pleaded guilty to one count. On August 1, 2008, the trial court sentenced him to 20 years' imprisonment with credit given for 345 days spent in presentencing custody. The court did not impose any fees or fines. Following the denial of his motion to reconsider sentence, defendant timely appealed.

On December 28, 2009, defendant moved to supplement the record on appeal. The proposed supplement consisted of a "print-out of the 'Party Finance Summary Query,' " which defendant described as a "record of the individual fees and fines assessed against [defendant]." Defendant maintained that he received the document via facsimile from the circuit court clerk.

On January 5, 2010, the State objected to defendant's motion to supplement, arguing that the document submitted had not been certified and that it did not comply with Supreme Court Rule 323 (210 Ill. 2d R. 323), 324 (155 Ill. 2d R. 324), or 329 (210 Ill. 2d R. 329).

On January 6, 2010, defendant moved to amend his motion to supplement the record on appeal, attaching a certified copy of the "Party Finance Summary Query," which he received from the circuit clerk's office on January 4, 2010.

On January 15, 2010, we granted defendant's motion, allowing him to supplement the record with the party finance summary query, which showed that defendant was assessed a $250 public defender fee, a $75 pretrial bond supervision fee, and a $10 mental health court fine. Defendant argues that the public defender fee and the bond supervision fee were improperly assessed and should be vacated. He also argues that he is entitled to a credit against the mental health court fine for the

time served in presentencing custody. In response, the State does not address the merits of defendant's arguments; rather, the State maintains that we should strike the party finance summary query from the record as it is not properly before this court. We have already allowed defendant's motion to supplement the record. We decline the State's request to reconsider our ruling.

II. ANALYSIS

A. Public Defender Fee

Defendant contends that the imposition of a $250 public defender fee without notice and consideration by the trial court of his ability to pay was error. He asks that the fee be vacated. We agree that imposition of the fee was error and vacate the fee; however, we remand for notice and a hearing on the matter.

Section 113--3.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113--3.1(a) (West 2008)) provides:

"Whenever under either Section 113--3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113--3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level."

Before assessing a public defender fee, a defendant must be provided with notice that the trial court is considering imposing payment. People v. Schneider, No. 2--08--0858 (July 16, 2010); People v. Spotts, 305 Ill. App. 3d 702, 703-04 (1999). " 'Notice' includes informing the defendant of the court's intention to hold such a hearing, the action the court may take as a result of the hearing, and the opportunity the defendant will have to present evidence and be heard." Schneider, slip op. at 3, quoting Spotts, 305 Ill. App. 3d at 704. Evidence presented at the hearing must focus on the defendant's financial circumstances and the cost of the representation provided. People v. Love, 177 Ill. 2d 550, 563 (1997); Schneider, slip op. at 3. The court must find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel. Love, 177 Ill. 2d at 563; Schneider, slip op. at 3. " 'Such a hearing is necessary to assure that an order entered under section 113--3.1 complies with due process.' " Schneider, slip op. at 3, quoting Spotts, 305 Ill. App. 3d at 704. "Rules of forfeiture do not apply." Schneider, slip op. at 3; see also Love, 177 Ill. 2d at 564.

Here, it was improper for the clerk of the court to impose the fee without notice and a hearing before the trial court. Defendant asks that we simply vacate the fee. However, we view the supreme court's practice to remand such cases for notice and a hearing on the matter as binding. Schneider, slip op. at 4. Accordingly, we vacate the $250 fee and remand.

### B. Pretrial Bond Supervision Fee

Defendant next contends that the imposition of a $75 fee for pretrial bond supervision when defendant was never released on bond was error. We agree. Section 110--10(b)(14) of the Code authorizes the trial court to order as a condition of bond that a defendant "[b]e placed under direct supervision of the Pretrial Services Agency, Probation Department or Court Services Department in a pretrial bond home supervision capacity." 725 ILCS 5/110--10(b)(14) (West 2008). Section

110--10(b)(14.3) provides that "[t]he Chief Judge of the Judicial Circuit may establish reasonable fees to be paid by a person receiving pretrial services while under supervision of a pretrial services agency, probation department, or court services department." 725 ILCS 5/110--10(b)(14.3) (West 2008).

Here, the record shows that the trial court set defendant's bond at $1 million and ordered as a condition of bond that defendant be supervised by pretrial bond services and pay a $75 fee. Although the trial court was authorized to order the $75 fee for pretrial bond supervision as a condition of defendant's bond, defendant never posted bond. Thus, the fee should not have been assessed. We vacate it.

C. Mental Health Court Assessment

Lastly, defendant argues that he is entitled to a monetary credit against the $10 mental health court assessment for the time served in presentencing custody.

Although the mental health court assessment is labeled as a fee under section 5--1101(d--5) of the Counties Code (55 ILCS 5/5--1101(d--5) (West 2008)), it is a mandatory fine. See People v. Graves, 235 Ill. 2d 244, 255 (2009); People v. Evangelista, 393 Ill. App. 3d 395, 401 (2009). Because it is a fine, it may be offset by the amount of time the defendant served in custody prior to sentencing. Specifically, section 110--14(a) of the Code provides: "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant." 725 ILCS 5/110--14(a) (West 2008). Defendant may apply for the credit on appeal, as the normal rules of forfeiture do not apply. People v. Woodard, 175 Ill. 2d 435, 457 (1997); Schneider, slip op. at 5.

Again, it appears that the clerk of the court imposed the fine. Although defendant does not challenge the clerk's authority to impose the fine, "[t]he imposition of any fine is a judicial act, and the clerk has no power to levy even mandatory fines that are not authorized by the court." Schneider, slip op. at 5; Evangelista, 393 Ill. App. 3d at 401. "However, when presented with mandatory fines assessed by the clerk, we may vacate the fines and reimpose them ourselves." Schneider, slip op. at 5; see also 155 Ill. 2d R. 366(a)(5). Here, we vacate the fine and reimpose it in the amount of $10. However, because defendant spent 345 days in custody prior to sentencing, he is entitled to credit sufficient to satisfy the fine. Accordingly, we vacate and reimpose the fine, but offset it by the credit.

### III. CONCLUSION

Given the above, we (1) vacate the public defender fee and remand for a proper determination of defendant's ability to pay; (2) vacate the $75 pretrial bond supervision fee; and (3) vacate and reimpose the $10 mental health court assessment and offset it by credit for the time defendant spent in presentencing custody.

Affirmed as modified in part and vacated in part; cause remanded.

BOWMAN and HUDSON, JJ., concur.