# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Gutierrez*, 2012 IL 111590

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ELIAS GUTIERREZ, Appellant. |
| Docket No. | 111590 |
| Filed | January 20, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A circuit clerk does not have authority to impose a public defender fee that has not been sought by the State or by the court; where this occurred, the remedy was not a remand for a hearing on ability to pay, but outright vacation of the fee. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Lake County, the Hon. George Bridges, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part. |

Counsel on
Appeal

Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy
Defender, and Jaime L. Montgomery, Assistant Appellate Defender, of
the Office of the State Appellate Defender, of Elgin, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Michael J. Waller,
State's Attorney, of Waukegan (Michael A. Scodro, Solicitor General,
and Michael M. Glick and Joshua M. Schneider, Assistant Attorneys
General, of Chicago, of counsel), for the People.

Justices

JUSTICE THOMAS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Garman, Karmeier, Burke,
and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1     At issue is whether the appellate court properly remanded the cause for notice and a
hearing on the defendant's ability to pay a public defender fee when the circuit clerk, on its
own, improperly imposed the fee. We hold that the fee should have been vacated outright.

¶ 2                                    BACKGROUND

¶ 3     Defendant, Elias Gutierrez, was convicted of predatory criminal sexual assault of a child
and sentenced to 20 years' imprisonment. Defendant appealed, arguing that several fines and
fees had been improperly imposed. The appellate court allowed him to supplement the record
with a certified copy of a "Party Finance Summary Query" that detailed the fines and fees
that had been imposed by the Lake County circuit clerk. One of these was a $250 public
defender fee. 405 Ill. App. 3d 1000, 1001-02.

¶ 4     The appellate court agreed with defendant that the public defender fee had to be vacated
pursuant to section 113-3.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-
3.1(a) (West 2008)) because defendant had not been provided with notice and a hearing. 405
Ill. App. 3d at 1002. Relying on *People v. Love*, 177 Ill. 2d 550 (1997), the court held that
the fee could not be imposed unless defendant had been provided with both: (1) notice that
the trial court was considering imposing the fee; and (2) a hearing that focused on the
defendant's financial circumstances and his ability to pay reimbursement for appointed
counsel. *Id*. at 1002-03. The court, however, disagreed with defendant's argument that the
fee should be vacated outright. The court explained that it had already held in *People v.
Schneider*, 403 Ill. App. 3d 301, 303-04 (2010), that cases in which the fee is imposed
without notice and a hearing should be remanded for a hearing on the defendant's ability to

-2-

pay. *Id.* at 1003. In *Schneider*, the defendant had argued that the case could not be remanded for a hearing because section 113-3.1(a) requires that the hearing be held no later than 90 days after the entry of a final judgment and that time period had already expired. The *Schneider* court noted that this court had remanded the matter for a hearing in *Love* and stated that it viewed *Love* as binding. *Schneider*, 403 Ill. App. 3d at 304. Here, the appellate court followed *Schneider* and remanded the cause for a hearing, despite the fact that the 90-day time period had long since expired. 405 Ill. App. 3d at 1003. We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 5                                    ANALYSIS

¶ 6                                    Jurisdiction

¶ 7      Before proceeding to the merits, we must address the State's contention that the appellate court lacked jurisdiction to consider defendant's appeal. The State argues that the appellate court lacked jurisdiction for two reasons: (1) the fee was ordered by the circuit clerk rather than by the court, and the appellate court's jurisdiction is generally limited to reviewing final orders of the circuit court; and (2) defendant's notice of appeal did not indicate that he was appealing the assessment of any fees or fines. We address the notice of appeal question first.

¶ 8      The State argues that defendant's notice of appeal was insufficient to confer jurisdiction on the appellate court to review the assessment of any fees or fines. The State cites *People v. Smith*, 228 Ill. 2d 95, 104 (2008), for the proposition that "Illinois courts have held that a notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts thereof specified in the notice of appeal." The State notes that defendant filed two notices of appeal. The first indicated that defendant was appealing the denial of his motion to reconsider sentence, but contained the wrong date. The notice of appeal listed the date as August 1, 2008, which was the date of sentencing. Defendant then filed an amended notice of appeal in which he corrected the date to December 23, 2008, which was the date the court's final judgment was entered. Neither notice listed the assessment of any fines or fees and thus, according to the State, neither of the notices "adequately set out the judgment complained of." See *Smith*, 228 Ill. 2d at 105. We disagree.

¶ 9      In *Smith*, the defendant's notice of appeal was from the circuit court's judgment of conviction, entered on November 10, 2004, but the defendant's argument concerned the trial court's denial of his "motion for sentence correction," and that order was entered on February 21, 2006. *Id.* at 103. While acknowledging that notices of appeal are to be construed liberally, this court held that no matter how liberally it construed defendant's notice of appeal, it could not fairly and adequately be read as encompassing the court's order of February 21, 2006. *Id.* at 105.

¶ 10     *Smith* is entirely distinguishable. In that case, we held that a notice of appeal, no matter how liberally construed, could not encompass a judgment entered over a year after the judgment identified in the notice. Here, by contrast, defendant appealed from the final judgment in his case. His first notice of appeal indicated that he was appealing from the denial of his motion to reconsider the sentence, but listed the wrong date. Defendant then filed an amended notice that listed the date December 23, 2008, the date of final judgment.

-3-

Defendant's notice of appeal substantially conformed to the form provided in Rule 606(d) (Ill. S. Ct. R. 606(d) (eff. Sept. 1, 2006)), but omitted the section where a defendant can identify if he is appealing from anything other than his conviction.

¶ 11      In *People v. Lewis*, 234 Ill. 2d 32 (2009), the defendant argued that the trial court erred in imposing a street value fine without an evidentiary hearing. The defendant's notice of appeal, however, stated that he was appealing from the denial of his motion to suppress. *Id*. at 35-36. The defendant's notice of appeal substantially conformed with the form provided in Rule 606(d) and left blank the section in which he could have indicated if he was appealing from any order other than his conviction. *Id*. at 38. The defendant did not raise any issue on appeal regarding the denial of his motion to suppress; rather, he merely contested the imposition of a street value fine without an evidentiary hearing. The State argued that the appellate court did not have jurisdiction to address the street value fine issue. The appellate court did not address the State's jurisdictional argument, and the State raised the argument again in this court. This court rejected the State's argument and held that the notice was sufficient to confer appellate jurisdiction. This court noted that the notice did not indicate that defendant was appealing anything other than his conviction. *Id*. at 38. The *Lewis* court also pointed out that an order denying a motion to suppress is not appealable. *Id*. at 38. Thus, *Lewis* concluded that the notice adequately informed the State that defendant was appealing from his conviction. *Id*. at 39.

¶ 12      We likewise hold here that, where defendant's notice of appeal listed the date of final judgment and did not indicate that defendant was appealing anything other than his conviction, the State was adequately informed of the nature of defendant's appeal, and the appellate court had jurisdiction. The State notes that there is some confusion as to when the circuit clerk imposed the public defender fee. The Party Finance Summary Query provided to defendant lists two dates: "FILED 08/22/2007," and "STATUS 08/01/2008." The "filed" date is one day after the complaint was filed, and the "status" date is the date that defendant was sentenced. The logical inference is that the fee was assessed on the date that defendant was sentenced. Thus, the notice of appeal, which clearly indicated that defendant was appealing from the court's final judgment, was sufficient to confer jurisdiction on the appellate court to consider defendant's entire conviction.

¶ 13      The State also argues, however, the appellate court had no authority to review the fee because it was not embodied in any order of the circuit court. The State points out that the fee was improperly imposed by the circuit clerk. According to the State, when defendant learned that the fee had been improperly imposed, he should have moved to vacate it in the circuit court. If the court would have denied the motion, then defendant would have had an appealable order. The State argues that this would prevent a squandering of scarce appellate judicial resources. The State acknowledges, with a long string citation, that the appellate court regularly acts on fines and fees improperly imposed by circuit clerks, but it appears that the jurisdictional question was not raised in those cases.

¶ 14      The State concedes that, pursuant to section 113-3.1(a), a public defender fee may be imposed only by the circuit court after a proper hearing and that the court cannot delegate this function to the circuit clerk. Defendant argues that, because the circuit clerk acted beyond its authority in imposing the fee, the order was void. Because a void order may be attacked

at any time or in any court, either directly or collaterally (*People v. Thompson*, 209 Ill. 2d 19, 25 (2004)), defendant argues that the appellate court had jurisdiction to address the improperly imposed fee. We agree with defendant. A court cannot confer relief, even from void orders, if the court lacks jurisdiction. *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). Because defendant's notice of appeal properly brought up his entire conviction for review, the appellate court had jurisdiction to act on void orders of the circuit clerk. See *People v. Shaw*, 386 Ill. App. 3d 704, 710-11 (2008) (just as a void order may be attacked at any time, appellate court could address forfeited argument that circuit clerk acted beyond its authority in imposing a fine). Thus, we conclude that the appellate court had jurisdiction to consider defendant's argument that the public defender fee was improperly imposed.[1]

¶ 15                                        Merits

¶ 16    Defendant contends that the appellate court should have vacated the public defender fee outright and erred in remanding for a hearing on his ability to pay. Defendant's appeal raises solely questions of law, and thus our review proceeds *de novo*. *People v. Phillips*, 242 Ill. 2d 189, 194 (2011).

¶ 17    Section 113-3.1(a) of the Code of Criminal Procedure provides as follows:

> "Whenever under either Section 113-3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, *the court may order the defendant to pay* to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. *Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney* at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." (Emphases added.) 725 ILCS 5/113-3.1(a) (West 2010).

¶ 18    In *Love*, the trial court ordered the defendant to pay a public defender fee, but did not hold a section 113-3.1(a) hearing. *Love*, 177 Ill. 2d at 553. This court rejected the State's argument that compliance with section 113-3.1(a) was optional. The *Love* court noted that the statute was designed to protect a defendant's due process rights and held that both the plain language of the statute and the legislative history indicated that compliance with the statute was a prerequisite to imposing a public defender fee. *Id.* at 555-60. In that case, the court remanded so that a proper hearing could be held. *Id.* at 565. Since then, the appellate court has routinely rejected the argument that the passage of more than 90 days after final

---

[1]As a policy matter, we fail to see how the State's proposed procedure would prevent a squandering of scarce judicial resources. It is obviously much more efficient for the appellate court to simply take care of the matter while the case is on review than to have the defendant initiate a separate proceeding to have the fine vacated. Also, we do not believe that the clerk's action in imposing an illegal fee should further burden the defendant.

judgment precludes courts from remanding cases for a hearing when a defendant has not been provided one, and *Love* is generally cited as authority for the proposition that remanding is the proper course. See, *e.g.*, *Schneider*, 403 Ill. App. 3d at 304. We caution, however, that the timeliness issue was not raised in *Love*. In that case, the appellate court vacated the fee and remanded for a hearing, and, in his appellee's brief in this court, the defendant specifically asked this court to affirm the appellate court's judgment. Thus, *Love* should not be read as deciding the issue either way.

¶ 19 Defendant argues that the appellate court should have vacated the public defender fee outright rather than remanding the cause for a hearing. Defendant notes that the statute requires that the hearing take place no later than 90 days after entry of the final order, and that the appellate court's remand order came almost two years after the trial court's final order was entered. Defendant argues that, because this court stated in *Love* that the hearing must happen "within the specified time period" (*Love*, 177 Ill. 2d at 556) the appellate court erred in remanding the matter.

¶ 20 The State counters that, despite what this court said in *Love*, this court remanded for a hearing in that case even though the 90-day time limit had long since expired. The State contends that this was entirely appropriate because the 90-day period should be viewed as directory rather than mandatory. The State notes that the statute does not specify any consequences for noncompliance with the 90-day period and, therefore, under this court's decisions in *People v. Robinson*, 217 Ill. 2d 43 (2005), and *People v. Delvillar*, 235 Ill. 2d 507 (2009), it should be given a directory reading. Defendant responds that section 113-3.1(a) falls within one of the exceptions to the rule cited by the State. As this court explained in *Robinson*, even when a statutory provision sets forth no consequences for a failure to comply, it will be considered mandatory if it contains "negative words importing that the acts required shall not be done in any other manner or time." (Internal quotation marks omitted.) *Robinson*, 217 Ill. 2d at 57 (quoting *People v. Jennings*, 3 Ill. 2d 125, 127 (1954)). Here, the statute states that the hearing should take place "*no later than* 90 days after the entry of a final order disposing of the case at the trial level." (Emphasis added.) 725 ILCS 5/113-3.1(a) (West 2010).

¶ 21 We agree with defendant that the fee must be vacated outright, but we also conclude that, on the facts of this case, it is not necessary to resolve whether section 113-3.1(a)'s time limit is mandatory or directory. At oral argument, the State made several important concessions leading directly to the conclusion that the fee should have been vacated outright. Again, section 113-3.1(a) provides that the fee may be ordered by the court and that the hearing on a defendant's ability to pay shall be conducted on the court's own motion or on motion of the State's Attorney. No such motion was made in this case by either the State or the trial court; the circuit clerk simply imposed the fee on its own.

¶ 22 In response to a question from the bench, the State explained that:

> "If the clerk assesses the fee in a way that does not appear in the record anywhere *** if the State has not moved for the fee, then the State isn't seeking the fee in that case. And if the court doesn't move under its own motion for the fee, then the court isn't seeking the fee. So then it's just a question of bringing this improperly assessed fee

by the clerk to the court's attention to vacate it."

This case represents the exact situation outlined by the State at oral argument. The clerk assessed the fee in a way that did not appear in the record, and neither the State nor the trial court moved for a public defender fee. Thus, on this record, neither the State nor the trial court was seeking the fee, and the clerk's improperly assessed fee should have been vacated.

¶ 23   In response to the State's oral argument that the statute was directory, one of the Justices asked the State if that argument meant that the State could come in a year after a final judgment was entered and request a public defender fee that it had not sought before. The State responded that it could do so, but that such a motion should be denied because it would be brought outside the 90-day statutory period. Another Justice then asked if that was not exactly what the State was doing here: making a *de facto* motion for a fee long after the statutory period had expired. In response, the State went back to its jurisdictional argument. Whether section 113-3.1(a)'s time limit is mandatory or directory, the statute clearly does not contemplate the State asking for a public defender fee for the first time when the case is on appeal.

¶ 24   This is where the appellate court's analysis went off track. The appellate court stated that, "[b]efore assessing a public defender fee, a defendant must be provided with notice that the trial court is considering imposing payment" (405 Ill. App. 3d at 1002), and that "[t]he court must find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel" (*id.* at 1003). Here, however, the trial court did not order the reimbursement, and there is no indication in the record that it was even considering doing so. The circuit clerk had no authority to impose the public defender fee on its own, and, because neither the State nor the circuit court was seeking a public defender fee, the appellate court should have vacated the fee outright.

¶ 25   Before closing, we must express our disappointment that, 14 years after this court's decision in *Love*, defendants are still routinely being denied proper hearings before public defender fees are imposed. See, *e.g.*, *People v. Dalton*, 406 Ill. App. 3d 158 (2010); *Schneider*, 403 Ill. App. 3d 301; *People v. Holman*, 402 Ill. App. 3d 645 (2010); *People v. Elcock*, 396 Ill. App. 3d 524 (2009); *People v. Sanchez*, 392 Ill. App. 3d 1084 (2009); *People v. Rowell*, 375 Ill. App. 3d 421 (2006); *People v. Fletcher*, 335 Ill. App. 3d 447 (2002); *People v. M.I.D.*, 324 Ill. App. 3d 156 (2001); *People v. Grayson*, 321 Ill. App. 3d 397 (2001); *People v. Witte*, 317 Ill. App. 3d 959 (2000); *People v. Foster*, 316 Ill. App. 3d 855 (2000); *People v. Lyons*, 315 Ill. App. 3d 959 (2000); *People v. Exum*, 307 Ill. App. 3d 1000 (1999); *People v. Houser*, 305 Ill. App. 3d 384 (1999); *People v. Basler*, 304 Ill. App. 3d 230 (1999); *People v. Jenkins*, 303 Ill. App. 3d 854 (1999); *People v. Johnson*, 297 Ill. App. 3d 163 (1998). And this list merely includes *published* decisions addressing the issue. In some of these cases, the fee was imposed by the circuit court without a hearing, and in some it was imposed by the circuit clerk. In the present case, as well as in *Schneider* and *Dalton*, the fee was imposed by the Lake County circuit clerk. At oral argument, defense counsel represented that this is a particular problem in Lake County, with the circuit clerk routinely imposing the fee on its own. Even the State referred to the "rogue actions of the Lake County Circuit Clerk."

¶ 26    We admonish the circuit clerks in general, and the Lake County circuit clerk in particular, that they may not impose public defender fees on their own. Pursuant to statute, a public defender fee may be imposed only by the circuit court after notice and a hearing on the defendant's ability to pay. We again remind the trial courts of their duty to hold such a hearing before imposing these fees, and we trust that we will not have to speak on this issue again.

¶ 27                                    CONCLUSION

¶ 28    On the record before us, there is no indication that either the State or the trial court was seeking a public defender fee. The Lake County circuit clerk improperly imposed the fee on its own, and the fee must therefore be vacated. The appellate court erred in remanding the cause for a hearing on defendant's ability to pay. We therefore reverse that portion of the appellate court's judgment that remanded the cause for notice and a hearing on defendant's ability to pay, but affirm it in all other respects.

¶ 29    Affirmed in part and reversed in part.