THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. JOLLIFF, Defendant-Appellant.

Fourth District   No. 4—88—0282

Opinion filed June 1, 1989.

Daniel D. Yuhas and Gloria A. Carroll, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard E. Goff, State's Attorney, of Clinton (Kenneth R. Boyle, Robert J. Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Robert E. Jolliff appeals the revocation of his probation and the imposition of concurrent prison sentences of 10 years for aggravated kidnapping (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)(3)) and four years for aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a)). Defendant raises four issues for our consideration: (1) whether the trial court erred in sentencing defendant on aggravated battery, an included offense of kidnapping; (2) whether the revocation of defendant's probation was proved by a preponderance of the evidence; (3) whether reversible error was committed in the State's cross-examination of defendant at the probation revocation hearing; and (4) whether the trial court abused its discretion when it ordered defendant to reimburse the county for the services of a public defender. We affirm in part and reverse in part.

On January 29, 1987, defendant was charged by amended information with five counts of aggravated kidnapping (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)(3)), one count of aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a)), and one count of armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2). The charged offenses occurred on October 27, 1986, when defendant and another man, John Butts (Butts),

were picked up by the victim in Peoria, Illinois. After travelling a short distance, defendant and Butts threatened the victim with a knife and demanded money. The three travelled farther in the victim's car, to Clinton, where the victim was repeatedly beaten and kicked, threatened again with a knife, and later left in an abandoned railroad car north of Clinton.

Prior to the commencement of a jury trial, defendant's court-appointed counsel withdrew as defendant's counsel and substitute counsel filed an appearance. The court-appointed counsel filed a petition for attorney fees pursuant to section 113—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 113—3(c)). This petition was granted on February 4, 1987.

On April 30, 1987, defendant was found guilty of one count of aggravated kidnapping and one count of aggravated battery. On June 17, 1987, defendant was sentenced to three years' probation, the first six months to be served in the county jail. The court also ordered defendant to reimburse the county for $850.60 in attorney fees paid to defendant's court-appointed counsel. No appeal was taken from defendant's convictions or sentence of probation or from the order directing defendant to reimburse the county.

On November 20, 1987, a petition for revocation of defendant's probation was filed. The petition alleged that on October 30, 1987, defendant, while incarcerated at the De Witt County jail, committed various criminal acts against another inmate, James Brewer. A hearing on the petition was held on January 29, 1988.

At the hearing, James Brewer testified to the events of October 30 and October 31, 1987, in the jail. Brewer, a victim of cerebral palsy, testified that the defendant and another inmate forced him, at knifepoint, to perform various sexual acts, urinate into a cup and drink the urine, and eat ketchup, mustard, salt, and pepper. Brewer also stated defendant tied him to the cell bars and punched him in the stomach and chest with his fists. Brewer stated that the incident took place between 11 p.m. and 7 a.m. on the night of October 30, that no guards were in the area, and that he tried to call out for help and resist the attacks. On cross-examination, Brewer indicated other inmates were present in the cell block and observed the incident. During cross-examination, Brewer contradicted some of his testimony.

Steven Lenchner, a detective with the De Witt County sheriff's department, testified that he interviewed the defendant about the incidents shortly after October 30. Lenchner stated that defendant told him he was unaware of the incidents except he thought the other inmate was responsible for the urine incident. Lenchner stated that dur-

ing the interview, defendant presented a joking demeanor. The defendant denied involvement in the incidents during the interview with Lenchner and later at the hearing on January 29, 1988. Defendant stated that the incidents occurred prior to his arrival in the cell on October 30, 1987.

The court found defendant violated his probation by the acts complained of by Brewer. Defendant's motion for reconsideration of the order revoking probation was denied on March 2, 1988. On March 23, 1988, a second sentencing hearing was held on defendant's convictions of aggravated battery and aggravated kidnapping. In aggravation, the State presented the other inmate involved in the incidents with Brewer, who admitted he was involved in some of the incidents but denied any knowledge of what defendant was doing at the time. The court found no mitigating factors and sentenced defendant to concurrent prison sentences of 10 years for aggravated kidnapping and four years for aggravated battery. The court again ordered defendant to reimburse the county for the attorney fees paid to his court-appointed counsel.

Defendant's first claim of error concerns the separate sentences imposed for aggravated kidnapping and aggravated battery at the second sentencing hearing. Defendant contends aggravated battery is an included offense of aggravated kidnapping and, therefore, judgment and sentence on both offenses is erroneous.

The State first contends this appeal concerns only issues arising out of the probation revocation proceedings and, therefore, this court is without jurisdiction to consider this issue, which should have been appealed after the first sentence of probation was imposed. Alternatively, the State argues aggravated battery is not an included offense and thus, judgment on two separate offenses was proper. In response to the State's claim that this court is without jurisdiction to consider the underlying convictions, defendant contends that until the separate sentences were entered in the probation revocation proceedings, no error in sentencing defendant on two offenses was apparent. Defendant maintains that the original sentence of probation on both offenses evidenced the trial court's intent that the included offense of aggravated battery merge with the greater offense of aggravated kidnapping.

Supreme Court Rule 604(b) (107 Ill. 2d R. 604(b)) allows a defendant sentenced to probation to appeal the judgment of conviction, the conditions of the sentence, or both. Supreme Court Rule 606 (107 Ill. 2d R. 606) provides a notice of appeal is jurisdictional and must be filed within 30 days after the entry of the final judgment appealed from.

■ An appeal from proceedings revoking probation is generally limited to issues arising out of the revocation proceedings. (*People v. Eisenberg* (1982), 109 Ill. App. 3d 98, 100-01, 440 N.E.2d 259, 261.) Such an appeal does not confer jurisdiction on the reviewing court to review the initial judgment of conviction unless that judgment is void. *People v. Stueve* (1977), 66 Ill. 2d 174, 178, 361 N.E.2d 579, 581.

■ The record establishes that at the first sentencing hearing, when the sentence of probation was entered on the aggravated kidnapping offense, the trial judge stated the aggravated battery conviction merged into the kidnapping offense. However, at the second sentencing hearing, after revocation, the trial judge entered a separate sentence on defendant's aggravated battery conviction to run concurrently with the sentence on aggravated kidnapping. We find defendant has not waived this issue and, therefore, we consider the merits of defendant's claim.

■ Multiple convictions carved out of a single act are not permissible. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Multiple convictions and concurrent sentences are supportable where a defendant has committed several interrelated acts. "Act" in this context means any overt or outward manifestation which will support a different offense. *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.

Defendant was convicted on count I of the second-amended information, which alleged defendant committed aggravated kidnapping by knowingly and secretly confining the victim against his will (Ill. Rev. Stat. 1987, ch. 38, par. 10—1(a)(1)) and inflicting great bodily harm upon him, and on count VII, which alleged defendant committed aggravated battery against the victim when he intentionally caused great bodily harm to the victim (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a)).

The victim's testimony at trial established that the victim first met the defendant and Butts in a parking lot in Peoria. All three talked for a few minutes and decided to drive to get some beer. Butts got into the backseat of the victim's car and the defendant was in the passenger seat in front. The victim was driving. At the liquor store, the victim remained in the car while defendant and Butts went inside to purchase the beer. The defendant and Butts reentered the car with the beer and the victim proceeded to drive back to the original location. Butts then pulled a knife, put it at the victim's neck, and told the victim to turn onto Interstate 74 and head toward Bloomington. The victim was then told to exit onto Route 121 from Interstate 74. The victim was ordered to stop on Route 121, where the defendant changed seats with the victim and began driving. The victim was then blindfolded.

According to the victim, the defendant drove for approximately one-half hour to 45 minutes before stopping somewhere in Clinton. All three then got out of the victim's car and defendant and Butts demanded the victim's money. After giving them the money in his pants pockets, the victim attempted to run away but he was caught by Butts some distance away from his car in a field. Then defendant and Butts dragged the victim through a ditch and began kicking him in the face. Back near the victim's car, the defendant punched the victim in the face six to seven times while Butts held the knife. The defendant also kneed the victim in the groin and in the face.

All three men then got back into the car, the victim was blindfolded again, and the defendant was driving. The victim stated they were travelling fast and the defendant and Butts talked about taking him to a dump. The defendant drove for 15 to 20 minutes and stopped at "the dump." The victim was taken from the car, punched in the stomach three to four times by the defendant while still blindfolded and brought to a railroad car where he was told to stay. After 15 to 20 minutes passed, the victim left the railroad car and ran to a house approximately one mile away.

The defendant testified that Butts was the one who hit the victim, demanded money, and placed the victim in the railroad car while the defendant sat in the backseat of the victim's car.

■ Defendant urges that aggravated battery is, by definition, an included offense of the aggravated offense of kidnapping. An included offense is an offense which is established by proof of the same or less than all of the facts or a less culpable mental state than is required to establish the offense charged. (Ill. Rev. Stat. 1987, ch. 38, par. 2—9(a).) It may be established by comparison of the relevant statutory sections or by considering the offenses charged in the information. *People v. Casey* (1989), 179 Ill. App. 3d 737, 741, 534 N.E.2d 1036, 1038; *People v. Dace* (1984), 104 Ill. 2d 96, 470 N.E.2d 993.

■ Section 10—2(a)(3) of the Criminal Code of 1961 provides:

"Aggravated Kidnaping. (a) A kidnaper within the definition of paragraph (a) of Section 10—1 is guilty of the offense of aggravated kidnaping when he:

* * *

(3) inflicts great bodily harm or commits another felony upon his victim." (Ill. Rev. Stat. 1987, ch. 38, par. 10—2(a)(3).)

Section 12—4(a) of the Criminal Code of 1961 provides:

"Aggravated Battery. (a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm * * * commits aggravated battery." (Ill. Rev. Stat. 1987, ch. 38, par.

12—4(a).)

The information alleged the same aggravating factor, great bodily harm, for both offenses. The evidence established that the victim was beaten the first time approximately 45 minutes after he was blindfolded. The second beating took place at or near the railroad car in Clinton, approximately 20 minutes later, according to the victim. While the occurrences were distinct from each other due to intervening events, the kidnapping was the ongoing event and the evidence sustains the aggravated kidnapping charge. (*People v. Turner* (1989) 128 Ill. 2d 540, 577.) We conclude the aggravated battery offense merged into the aggravated kidnapping offense, and thus, the sentence entered on the aggravated battery conviction was error.

Next, we consider whether the State met its burden of proving the defendant violated his probation. Section 5—6—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—4(c)) establishes that the State has the burden of proving a violation of probation by a preponderance of the evidence. The defendant argues the State did not meet its burden of proof because Brewer's testimony was incoherent, contradictory and, therefore, not credible. Defendant also argues the court considered improper evidence obtained during cross-examination of the defendant.

■ A reviewing court will not disturb an order revoking probation unless it is against the manifest weight of the evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721.) The trial judge who hears the evidence is in a better position to weigh the testimony of witnesses than is a reviewing court. (*People v. Owens* (1983), 116 Ill. App. 3d 51, 451 N.E.2d 988.) While the trial judge, as trier of fact, is presumed to have considered only competent evidence, the presumption is overcome where the record affirmatively shows the contrary. *People v. Gilbert* (1977), 68 Ill. 2d 252, 258-59, 369 N.E.2d 849, 852.

In the instant case, the evidence at the revocation hearing consisted of testimony from Brewer, the defendant, and a De Witt County detective who talked to defendant about the October 30 incidents. Brewer's testimony is confused regarding the time of the occurrence, whether he resisted his attackers, and whether jail guards were aware of the attacks. However, as noted by the trial judge, Brewer maintained on cross-examination that the defendant and another inmate were his attackers and that they prevented him from reporting the incident to the jail authorities. The defendant denied participation in the incident but stated that he was aware of one incident between Brewer and the other inmate. The trial judge recognized the conflicting testimony and stated he believed Brewer's testimony.

Defendant maintains that certain questions during his cross-examination were improper and, further, the testimony was considered by the trial judge in his determination that defendant violated his probation. Defendant urges the errors were not harmless and, therefore, a new hearing is required. The remarks during cross-examination of the defendant are as follows:

"PROSECUTOR: Would [Brewer] have any reason to be upset or angry with you?

DEFENDANT: Not that I can think of.

PROSECUTOR: Would [Brewer] have any reason to come to court to tell these things he's testified to about?

DEFENDANT: I don't see why he would."

Defendant argues he was prejudiced by this testimony because the trial court considered it in its decision. Defendant directs us to the following comments of the trial judge:

"[D]espite [Brewer's] inconsistencies in his testimony \*\*\* apparently, from the initial time and incident in question, when he first talked to the deputies, he said these things were done to him by Mr. Jolliff and Mr. Russell and as suggested by [the prosecutor], there is no reason to include Mr. Jolliff in this manner and none given to the court."

■■ The State urges and we agree that defendant has waived this issue on appeal because no objection to defendant's testimony was tendered below. (*People v. Cornes* (1980), 80 Ill. App. 3d 166, 174, 399 N.E.2d 1346, 1351.) On the merits, we agree with defendant that it was improper for the prosecution to raise an issue on the veracity of Brewer's testimony during its examination of the defendant. (*Cornes*, 80 Ill. App. 3d at 174, 399 N.E.2d at 1352.) However, after reviewing the record, we do not find the court relied on the testimony elicited during cross-examination of the defendant.

■■■ The record establishes that the court referred to the State's closing argument where the prosecution urged that there was no reason for Brewer to include the defendant in the attacks unless the defendant was actually involved. The State did not refer to defendant's testimony on cross-examination in closing argument. In our view, the prosecutor's comments were based on inferences that could be drawn from Brewer's testimony and, thus, were not improper. (*People v. Jackson* (1966), 35 Ill. 2d 162, 171, 220 N.E.2d 229, 235; *People v. Williams* (1962), 26 Ill. 2d 190, 193, 186 N.E.2d 353, 355.) We find this case substantially dissimilar from *People v. Nuccio* (1969), 43 Ill. 2d 375, 253 N.E.2d 353, a case relied upon by the defendant. We also conclude that the court's decision was based on Brewer's testimony, which

it found more credible. We find no error in the order revoking defendant's probation.

Defendant next argues the reimbursement order, directing defendant to reimburse De Witt County for the attorney fees paid to court-appointed counsel, was an abuse of discretion. Defendant points out there is no evidence in the record of defendant's ability to pay the debt and no hearing was held as required by section 113—3.1(a) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1(a)). The State urges that the defendant waived this issue for failure to appeal after the first sentence was imposed. The State also contends that the defendant's counsel waived hearing on this issue at the first sentencing hearing. In response, defendant urges he is appealing from the order for reimbursement ordered at the second sentencing hearing, the original order of reimbursement having been revoked when defendant's probation was revoked.

■■■ We find defendant has waived this issue in this appeal for failure to object at the first sentencing hearing, and we reject defendant's assertion that the revocation of his probation revoked also the reimbursement order. (*People v. Cozad* (1987), 158 Ill. App. 3d 664, 671, 511 N.E.2d 211, 216, *cert. denied* (1988), 485 U.S. 964, 99 L. Ed. 2d 432, 108 S. Ct. 1233.) The record reveals that an order requiring defendant to reimburse the county for attorney fees was first entered at the original sentencing hearing. At that hearing, the trial judge sentenced defendant to probation and enumerated the conditions of his probation. After a short recess, the trial judge then addressed the reimbursement issue. Defendant's counsel failed to offer any evidence on the defendant's ability to pay after the court asked counsel if any evidence would be submitted. The record establishes that only one order directing reimbursement was entered at the first sentencing hearing. The reimbursement issue did not arise in the probation revocation proceedings and, therefore, defendant's claims of error are not timely. *People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579.

For the foregoing reasons, we affirm the order revoking defendant's probation and the sentence entered on the conviction of aggravated kidnapping. We reverse the sentence entered on the aggravated battery conviction.

Affirmed in part; reversed in part.

KNECHT and SPITZ, JJ., concur.