# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Somers*, 2012 IL App (4th) 110180

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee v. BRANDON M. SOMERS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-11-0180, 4-11-0186 cons. |
| Filed | June 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's sentences on his convictions for unlawful possession of cannabis with intent to deliver and unlawful possession of a controlled substance were upheld, since the probation imposed on the first offense was revoked following the second offense, while on probation he dropped out of treatment and continued to use drugs, and deterrence along with defendant's poor rehabilitative potential outweighed any mitigating factors, and as to defendant's request to vacate the orders requiring reimbursement of the public defender's fee, the appellate court lacked jurisdiction to consider the order in the first case, but the fee imposed in the second case without a hearing on defendant's ability to pay was vacated and remanded for such a hearing. |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, Nos. 09-CF-63, 10-CF-231; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Molly A. Corrigan, all of State Appellate Defender's Office, of Springfield, for appellant. |
| | |
| | Thomas J. Brown, State's Attorney, of Pontiac (Patrick Delfino, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion. |
| | Justices Appleton and Pope concurred in the judgment and opinion. |

## OPINION

¶ 1      In December 2009, defendant, Brandon M. Somers, pleaded guilty to single counts of unlawful possession with intent to deliver cannabis and unlawful possession of drug paraphernalia in case No. 09-CF-63. In March 2010, the trial court sentenced him to probation. In October 2010, defendant pleaded guilty to unlawful possession of a controlled substance in case No. 10-CF-231. In November 2010, the State filed a petition to revoke defendant's probation in case No. 09-CF-63. In December 2010, the court revoked defendant's probation and sentenced him to concurrent terms of two years and six months in prison on the drug-possession charges in both cases. The court also ordered him to pay $200 to reimburse the public defender in each case.

¶ 2      On appeal, defendant argues (1) his prison sentences were excessive and (2) the trial court's orders requiring him to reimburse the public defender must be vacated. We affirm in part, vacate in part, and remand with directions.

¶ 3                  I. BACKGROUND
¶ 4                  A. Case No. 09-CF-63
¶ 5      In March 2009, the State charged defendant with one count of unlawful possession with intent to deliver cannabis (10 to 30 grams) (720 ILCS 550/5(c) (West 2008)) and one count of unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2008)). In April 2009, the trial court appointed the public defender to represent defendant.

¶ 6      In December 2009, defendant pleaded guilty. The State's factual basis indicated members of the Livingston County proactive unit went to a residence to speak with defendant regarding information that he had been selling cannabis. Defendant admitted having cannabis in the residence and consented to a search of a bedroom, which revealed a digital scale, a metal grinder with cannabis residue, two burnt cannabis cigarettes, a pill bottle with cannabis seeds, and a can with three bags of cannabis. Defendant also admitted selling cannabis. The

trial court found defendant knowingly and voluntarily pleaded guilty to the two charges.

¶ 7        In March 2010, the trial court sentenced defendant to a term of two years' Treatment Alternatives for Safe Communities (TASC) probation. Along with imposing various fines and fees, the court also ordered him to pay $200 for the services of the public defender.

¶ 8                                B. Case No. 10-CF-231

¶ 9        In September 2010, the State charged defendant with one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2010)), alleging he knowingly possessed less than five grams of a substance containing alprazolam, a controlled substance. The trial court appointed the public defender to represent defendant.

¶ 10       In October 2010, defendant pleaded guilty. The State's factual basis indicated police officers went to a residence to locate a subject who had been involved in an earlier traffic stop. Upon entering the second-floor residence, the officers detected a strong odor of burnt cannabis. A search warrant was obtained, and the ensuing search of a bedroom revealed a wooden box containing two blue pills identified as alprazolam. Later, defendant, who was present during the search, stated the bedroom and the box were his. The trial court found defendant knowingly and voluntarily pleaded guilty to the charge.

¶ 11                      C. Petition To Revoke in Case No. 09-CF-63

¶ 12       In November 2010, the State filed a petition to revoke defendant's probation in case No. 09-CF-63 based on the new charge and guilty plea in case No. 10-CF-231. In December 2010, defendant admitted the allegations in the petition to revoke.

¶ 13                      D. Resentencing in Case No. 09-CF-63
                         and Sentencing in Case No. 10-CF-231

¶ 14       In December 2010, the trial court held a joint hearing on the resentencing in case No. 09-CF-63 and the sentencing in case No. 10-CF-231. The court revoked the TASC probation in case No. 09-CF-63 and resentenced defendant to two years and six months in prison. In its written sentencing judgment, the court indicated "all financial obligations previously imposed remain in full force [and] effect [with the] exception of [probation supervisory] fees[,] which are vacated this date."

¶ 15       In case No. 10-CF-231, the trial court sentenced defendant to two years and six months in prison on the drug-possession conviction. The court ordered the sentence be served concurrent with the sentence imposed in case No. 09-CF-63. In addition to certain fines, fees, and assessments, the court also ordered defendant to pay $200 for the services of the public defender.

¶ 16       In December 2010, defendant filed motions to reconsider sentence, arguing the sentences were "unduly harsh and punitive" considering the evidence at trial and at sentencing as well as the factors in mitigation. In February 2011, the trial court denied the motions. These consolidated appeals followed.

¶ 17                                    II. ANALYSIS

¶ 18                                   A. Sentencing

¶ 19        The Illinois Constitution mandates "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. " 'In determining an appropriate sentence, a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed.' " *People v. Hestand*, 362 Ill. App. 3d 272, 281, 838 N.E.2d 318, 326 (2005) (quoting *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001)).

¶ 20        A trial court has broad discretion in imposing a sentence. *People v. Chester*, 409 Ill. App. 3d 442, 450, 949 N.E.2d 1111, 1118 (2011). "A reviewing court gives great deference to the trial court's sentencing decision because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the cold record." *People v. Evangelista*, 393 Ill. App. 3d 395, 398, 912 N.E.2d 1242, 1245 (2009). Thus, the court's decision as to the appropriate sentence will not be overturned on appeal "unless the trial court abused its discretion and the sentence was manifestly disproportionate to the nature of the case." *People v. Thrasher*, 383 Ill. App. 3d 363, 371, 890 N.E.2d 715, 722 (2008).

¶ 21        In case No. 09-CF-63, defendant pleaded guilty to unlawful possession with intent to deliver cannabis (10 to 30 grams) (720 ILCS 550/5(c) (West 2008)), a Class 4 felony. A defendant convicted of a Class 4 felony is subject to a sentencing range of one to three years in prison. 730 ILCS 5/5-8-1(a)(7) (West 2008). Defendant received a sentence of probation, which was later revoked. When a sentence of probation has been revoked, the trial court "may impose any other sentence that was available *** at the time of the initial sentencing." 730 ILCS 5/5-6-4(e) (West 2008). Defendant received a sentence of two years and six months in prison.

¶ 22        In case No. 10-CF-231, defendant pleaded guilty to unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2008)), also a Class 4 felony. Because of defendant's prior conviction on a Class 4 felony offense, he was subject to an extended-term sentence. A defendant subject to an extended term as a Class 4 felon may be sentenced to a term of up to six years in prison. 730 ILCS 5/5-8-2(a)(6) (West 2008). As the trial court's sentence of two years and six months in prison on both charges fell within the relevant sentencing ranges, we will not disturb the sentences absent an abuse of discretion.

¶ 23        Defendant argues the trial court abused its discretion given that he took responsibility for his crimes by pleading guilty and admitting the allegations in the petition to revoke probation. Further, defendant states he expressed remorse, had the potential for rehabilitation, had a history of employment, and made efforts to comply with the terms of his probation.

¶ 24        "A trial court is presumed to have considered all of the relevant evidence of mitigation before it." *People v. Bailey*, 409 Ill. App. 3d 574, 594, 948 N.E.2d 690, 710 (2011). Moreover, this court has noted "drug addiction is not necessarily a mitigating factor

[citation], and the trial court was free to find defendant's remorse to be incredible." *People v. Newbill*, 374 Ill. App. 3d 847, 854, 873 N.E.2d 408, 414 (2007).

¶ 25    While defendant was only 19 years of age at sentencing, pleaded guilty, expressed remorse, and had some part-time employment, his conduct on probation evinces his poor rehabilitative potential. See *People v. Young*, 138 Ill. App. 3d 130, 140, 485 N.E.2d 443, 449 (1985) ("Conduct which leads to revocation of probation has been regarded as a 'breach' of the court's trust, or as otherwise causing the court to lose confidence in the defendant's rehabilitative potential."). The trial court noted defendant, while still only 19, continued "to make very poor decisions." Further, the court found defendant's actions spoke louder than his words. While on probation, defendant dropped out of treatment and continued to use drugs. The court also pointed out deterrence was "a strong factor." The need to deter others from dealing drugs, along with defendant's poor rehabilitative potential, outweighed any mitigating factors. We find the trial court did not abuse its discretion in sentencing defendant to two years and six months in prison on each felony conviction.

¶ 26                        B. Public-Defender Reimbursement

¶ 27    Defendant argues the two orders requiring him to reimburse the county for the public defender must be vacated because the trial court never conducted a hearing to determine his ability to pay prior to the entry of those orders. The State agrees the orders requiring defendant to reimburse the county must be vacated. We, however, agree only as to case No. 10-CF-231, as we find we have no jurisdiction to consider the propriety of the reimbursement order in case No. 09-CF-63.

¶ 28    Section 113-3.1(a) of the Code of Criminal Procedure of 1963 (Code) provides, in part, as follows:

"Whenever *** the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under [s]ection 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2008).

Section 113-3.1 requires the trial court to conduct a hearing into a defendant's financial circumstances and find an ability to pay before ordering him to pay reimbursement for his appointed counsel. *People v. Love*, 177 Ill. 2d 550, 555-56, 687 N.E.2d 32, 35 (1997). "[T]he defendant must (1) have notice that the trial court is considering imposing a payment order under section 113-3.1 of the Code and (2) be given the opportunity to present evidence or argument regarding his ability to pay and other relevant circumstances." *People v. Barbosa*, 365 Ill. App. 3d 297, 301, 849 N.E.2d 152, 154 (2006).

¶ 29                          1. *Case No. 09-CF-63*

¶ 30    In case No. 09-CF-63, the trial court appointed the public defender to represent defendant in April 2009. At sentencing in March 2010, the court sentenced defendant to probation and ordered him to pay $200 for the services of the public defender. Defendant did not appeal that judgment.

¶ 31    Illinois Supreme Court Rule 604(b) (eff. July 1, 2006) allows a defendant sentenced to probation to appeal the judgment of conviction, the conditions of the sentence, or both. "The imposition of a public defender fee as a condition of defendant's sentence of probation is appealable." *People v. Bell*, 296 Ill. App. 3d 146, 155, 694 N.E.2d 673, 680 (1998). Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009) provides a notice of appeal is jurisdictional and must be filed within 30 days after the entry of the final judgment appealed.

¶ 32    In *People v. Jolliff*, 183 Ill. App. 3d 962, 965, 539 N.E.2d 913, 915 (1989), the trial court sentenced the defendant to probation and ordered him to reimburse the county for court-appointed counsel. The defendant did not appeal. Later, the defendant was found to have violated his probation, and the court resentenced him to prison and again ordered him to reimburse the county for court-appointed counsel. *Jolliff*, 183 Ill. App. 3d at 966, 539 N.E.2d at 916.

¶ 33    On appeal, the defendant argued the trial court erred in ordering him to reimburse the county without holding a proper hearing and determining his ability to pay. *Jolliff*, 183 Ill. App. 3d at 971, 539 N.E.2d at 919. The State argued the defendant waived the issue by failing to appeal after the sentence of probation was imposed. *Jolliff*, 183 Ill. App. 3d at 971, 539 N.E.2d at 919.

¶ 34    This court found only one order directing reimbursement was entered at the first sentencing hearing. *Jolliff*, 183 Ill. App. 3d at 971, 539 N.E.2d at 919. Because the reimbursement issue did not arise in the probation revocation proceedings, we found defendant's claim of error was not timely. *Jolliff*, 183 Ill. App. 3d at 971, 539 N.E.2d at 919.

¶ 35    Here, defendant did not appeal his sentence in case No. 09-CF-63, which included the reimbursement order. Later, when the trial court revoked defendant's probation, it stated "all financial obligations previously imposed remain in full force [and] effect." Thus, it does not appear the court expressly reimposed the public-defender fee in a manner to take this case outside the ambit of *Jolliff*. As such, we are without jurisdiction to consider the propriety of the trial court's imposition of the public-defender fee in case No. 09-CF-63.

¶ 36                          2. *Case No. 10-CF-231*

¶ 37    In case No. 10-CF-231, the trial court appointed the public defender to represent defendant in September 2010. In December 2010, the court ordered defendant to pay $200 for the services of the public defender. However, the court did not hold a hearing or mention the public-defender fee prior to imposing the fee. The record fails to show defendant was given notice that the court was considering imposing the reimbursement payment and he was not given an opportunity to present evidence or be heard regarding the imposition of the fee. The court's failure to follow the procedures required by section 113-3.1 requires us to vacate the reimbursement portion of the sentencing order in case No. 10-CF-231. See *Barbosa*, 365

Ill. App. 3d at 301-02, 849 N.E.2d at 155.

¶ 38    As noted, the State agrees the reimbursement order must be vacated because the trial court failed to conduct a proper hearing to determine defendant's ability to pay. While conceding the error, the State contends the cause should be remanded for a new hearing on the public-defender reimbursement, citing this court's decision in *People v. Bass*, 351 Ill. App. 3d 1064, 1070, 815 N.E.2d 462, 468 (2004). Defendant, however, argues in his reply brief that our supreme court's recent decision in *People v. Gutierrez*, 2012 IL 111590, 962 N.E.2d 437, requires us to vacate the fee without remanding the cause for a new hearing.

¶ 39    In *Gutierrez*, 2012 IL 111590, ¶ 3, 962 N.E.2d at 438, the trial court sentenced the defendant to prison, and the circuit clerk imposed a $250 public-defender fee. On appeal, the appellate court agreed with the defendant that the fee had to be vacated because he had not been provided with notice and a hearing before the fee was imposed. *Gutierrez*, 2012 IL 111590, ¶ 4, 962 N.E.2d at 438. The court disagreed with the defendant's argument that the fee should be vacated outright and not remanded for a hearing. *Gutierrez*, 2012 IL 111590, ¶ 4, 962 N.E.2d at 439. Instead, and despite the fact that the 90-day time period had expired, the appellate court remanded the cause for a hearing. *Gutierrez*, 2012 IL 111590, ¶ 4, 962 N.E.2d at 439.

¶ 40    On appeal to the supreme court, the defendant argued the public-defender fee should have been vacated without remanding the cause for a hearing. *Gutierrez*, 2012 IL 111590, ¶ 19, 962 N.E.2d at 442. Based on the statutory language, the defendant contended the hearing could take place no later than 90 days after the entry of the final order, and since the appellate court's remand order came almost two years after the trial court's final order had been entered, any hearing would not happen " 'within the specified time period.' " *Gutierrez*, 2012 IL 111590, ¶ 19, 962 N.E.2d at 442 (quoting *Love*, 177 Ill. 2d at 556, 687 N.E.2d at 35). The State, however, argued "the 90-day period should be viewed as directory rather than mandatory." *Gutierrez*, 2012 IL 111590, ¶ 20, 962 N.E.2d at 442.

¶ 41    The supreme court agreed the fee should be vacated but found it unnecessary to resolve whether the 90-day time limit was mandatory or directory. *Gutierrez*, 2012 IL 111590, ¶ 21, 962 N.E.2d at 442-43. Instead, the court focused on the fact that neither the State nor the trial court made a motion for a hearing; the circuit clerk just imposed the fee on its own. *Gutierrez*, 2012 IL 111590, ¶ 21, 962 N.E.2d at 443. Since neither the State nor the trial court sought the public-defender fee, the court concluded the fee should have been vacated outright. *Gutierrez*, 2012 IL 111590, ¶ 24, 962 N.E.2d at 443.

¶ 42    In *People v. Fitzpatrick*, 2011 IL App (2d) 100463, ¶ 1, 960 N.E.2d 709, 710, the trial court ordered the defendant to pay $750 to reimburse the public defender. On appeal, the appellate court noted the trial court failed to conduct a *Love* hearing and agreed with the State that the reimbursement order must be vacated. *Fitzpatrick*, 2011 IL App (2d) 100463, ¶ 13, 960 N.E.2d at 715.

¶ 43    While the State asked that the case be remanded for a hearing, the defendant argued no hearing could be ordered because the 90-day period had expired. *Fitzpatrick*, 2011 IL App (2d) 100463, ¶ 13, 960 N.E.2d at 715. The appellate court disagreed, citing the supreme court's decision in *Love* to remand for a hearing even though more than 90 days had passed

-7-

since the trial court's final order. *Fitzpatrick*, 2011 IL App (2d) 100463, ¶ 13, 960 N.E.2d at 715. The Second District followed *Love* and remanded for a hearing. *Fitzpatrick*, 2011 IL App (2d) 100463, ¶ 13, 960 N.E.2d at 715.

¶ 44    We note *Fitzpatrick* was decided in November 2011. The supreme court handed down its *Gutierrez* decision in January 2012. Further, the supreme court pointed out that appellate courts, citing *Love*, had routinely rejected the argument that the passage of the 90-day period precluded remand for a hearing. *Gutierrez*, 2012 IL 111590, ¶ 18, 962 N.E.2d at 442. The supreme court cautioned, however, that the timeliness issue was not raised in *Love* and stated "*Love* should not be read as deciding the issue either way." *Gutierrez*, 2012 IL 111590, ¶ 18, 962 N.E.2d at 442. We also note the supreme court has granted a petition for leave to appeal in *Fitzpatrick*. *People v. Fitzpatrick*, 2012 IL 113449, 963 N.E.2d 247.

¶ 45    We find this case distinguishable from *Gutierrez*. Here, the trial court imposed the public-defender fee, not the circuit clerk. Moreover, the court ordered the fee at the sentencing hearing, which was before the case had been disposed of for purposes of the 90-day period set forth in the statute. While the court was deficient in following the *Love* requirements, it did indicate its intent to order reimbursement and did so within the applicable time frame. As such, remand for a proper hearing pursuant to section 113-3.1 of the Code is appropriate in case No. 10-CF-231.

¶ 46                                    III. CONCLUSION

¶ 47    For the reasons stated, we affirm in part, vacate in part, and remand with directions. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 48    Affirmed in part and vacated in part; cause remanded with directions.