NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220180-U

NO. 4-22-0180

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 15, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| BRANDON SCOTT MISSEL, | ) | No. 18CF959 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed the sentence imposed by the trial court after revoking
defendant's probation for aggravated driving under the influence, finding the trial
court's sentence (1) was not excessive and (2) was properly imposed for the
original offense and not as punishment for conduct while on probation.

¶ 2        In August 2019, upon a fully negotiated plea of guilty, defendant, Brandon Scott

Missel, was convicted of aggravated driving under the influence (DUI) (625 ILCS

5/11-501(d)(1)(H) (West 2018)), a Class 4 felony. Under the terms of the plea, he was sentenced

to 30 months' probation and 10 days in jail, with credit for 4 days served. Two petitions seeking

to revoke his probation (PTR) were filed, one in January 2020, and the other in September 2020.

In May 2021, defendant admitted the second PTR with no agreement as to sentence. After failing

to appear for sentencing and a resultant arrest on a warrant, defendant was resentenced in

January 2022 to three years in the Illinois Department of Corrections (IDOC). His motion to reconsider was denied in February 2022.

¶ 3　　　　　Defendant appeals, arguing the trial court abused its discretion in resentencing him to three years in prison because the sentence (1) is excessive and (2) improperly punishes him for his conduct while on probation. We disagree and affirm.

¶ 4　　　　　　　　　　　　　　I. BACKGROUND

¶ 5　　　　　In September 2018, defendant was charged with aggravated DUI (625 ILCS 5/11-501(d)(1)(H) (West 2018)), a Class 4 felony, after Bloomington police officers observed him driving the wrong way on a one-way street. Defendant's blood alcohol content was found to be 0.072—under the legal limit—but field sobriety testing indicated "possible impairment." Laboratory testing revealed the presence of an opioid derivative of hydromorphone in defendant's blood. Further, defendant was driving on an expired driver's license at the time he was stopped.

¶ 6　　　　　Defendant entered a fully negotiated plea of guilty on August 7, 2019, and, pursuant to the terms of the plea, defendant was sentenced the same day to 30 months' probation and was ordered to pay fines, fees, and costs totaling $3828. In addition, defendant was sentenced to 10 days in the county jail as required by statute (625 ILCS 5/11-501(d)(3) (West 2018)), to be served on weekends.

¶ 7　　　　　Petitions seeking to revoke defendant's probation were filed in January and September 2020, based partly on defendant's repeated failures to report to his probation officer as directed. In May 2021, defendant tendered an admission to the second PTR alleging failures to report to his probation officer for the months of January through August 2020. The first PTR alleging multiple failures to report, along with the other compliance failures, was dismissed.

There was no agreement as to sentence. A presentence investigation report (PSI) was ordered, and the matter was set for sentencing in August 2021.

¶ 8        At the conclusion of the hearing on his admission, defendant was ordered to immediately report to McLean County Court Services (Court Services) for his initial PSI appointment and a drug screen. Defendant failed to do so. Repeated efforts to contact defendant, both at telephone numbers and addresses he provided, proved fruitless. After finally contacting defendant, the Court Services officer set an appointment in June 2021. Defendant failed to appear. Despite calls and letters, including those returned by the United States Postal Service, defendant again failed to appear for appointments set in July 2021. Eventually calling Court Services, defendant was given another appointment date, which he also failed to attend. When the PSI was filed, the Court Services officer noted there had been no contact and "[t]his PSI was completed without cooperation from [defendant]," relying instead on available information from defendant's previous contacts with probation.

¶ 9        By the time of his admission in May 2021, defendant had accumulated six failures to appear in this case alone, including failing to appear for (1) a status hearing on February 11, 2019; (2) a bond forfeiture proceeding on March 20, 2019; (3) an arraignment on the first PTR on February 14, 2020; (4) a hearing on the same petition on July 20, 2020, after being continued twice when notices sent to his last known addresses were returned; (5) a bond forfeiture hearing on August 31, 2020 and (6) an arraignment on the second PTR on October 1, 2020, after which defendant's case was transferred to the "warrant calendar" because he had not been apprehended on outstanding warrants within six months. He then failed to appear for sentencing on the August 2021 date.

¶ 10      Once arrested on the outstanding warrants in December 2021, defendant remained in custody until his resentencing in January 2022. An addendum to the PSI was ordered and obtained before the hearing. In resentencing defendant, the trial court stated it considered the PSI, defendant's proffer of mitigating evidence, the recommendations of counsel, and defendant's statement in allocution.

¶ 11      In mitigation, the trial court considered "the effect *** on [defendant's] dependents or [his] family" and found "an impact upon [his] family situation." In doing so, the court noted defendant's desire "to be with [his] grandmother" due to her declining health and his "brand new daughter [who] is at this point in the care of the Department of Children and Family Services."

¶ 12      In aggravation, the trial court considered defendant's extensive criminal history, highlighting his "16 prior traffic offenses, four prior misdemeanor offenses, [and] five felony offenses." The court also observed "an active warrant for [defendant's] arrest for failure to appear in [a] case in Florida," as well as "a warrant here in Illinois out of Adams County." Furthermore, the court pointed out defendant's failure to successfully complete any term of probation and stated:

> "[W]hen we look at the community[-]based sentence you received in this case there were a number of issues where you have had two petitions to revoke your probation filed. One was dismissed at the time of the plea. But you had the second one, and that second one was for failing to report to probation from January to August of 2020.

You came in here in May and pled. The sentencing was set for August 20th. You failed to appear for that sentencing, and you were not apprehended until late November."

¶ 13 Ultimately, the trial court found "a further community[-]based sentence would deprecate the seriousness of this offense," and "a sentence of incarceration is important for the protection for the public." Thereafter, the court sentenced defendant to 3 years in IDOC, with credit for 81 days served. Including the outstanding fines, fees, and costs yet unpaid in the original case, defendant was also ordered to pay $3578.00. Defendant filed a motion to reconsider the sentence in February 2022, which the court ultimately denied.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 On appeal, defendant claims the trial court abused its discretion by imposing an excessive three-year prison sentence. Defendant contends the court's comments at sentencing indicate the court was, in effect, "punish[ing] him for conduct on probation rather than for his original offense of aggravated DUI." Defendant argues his sentence of three years is " 'greatly at variance with the purpose and spirit of the law [and] manifestly disproportionate to the offense.' " He contends the court's abuse of discretion was both "substantive" and "procedural" in that he was not deserving of the three-year sentence, and the court improperly sentenced him for his conduct on probation and not the underlying offense. Recognizing his failure to argue a "procedural" abuse of discretion before the court, defendant seeks to rely on the plain error rule to raise it here as "second prong" plain error.

¶ 17 A. Standard of Review

¶ 18    "When a sentence of probation has been revoked, the trial court 'may impose any other sentence that was available *** at the time of the initial sentencing.' " *People v. Somers*, 2012 IL App (4th) 110180, ¶ 21, 970 N.E.2d 606 (quoting 730 ILCS 5/5-6-4(e) (West 2008)). When claiming the trial court erred by imposing an excessive sentence, as defendant does here, he must recognize, "[a]bsent an abuse of discretion by the trial court, a sentence may not be altered upon review." (Internal quotation marks omitted.) *People v. Price*, 2011 IL App (4th) 100311, ¶ 36, 958 N.E.2d 341. An abuse of discretion will not be found unless the court's sentencing decision is "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 26, 82 N.E.3d 693. "If the sentence imposed is within the statutory range, it will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *Price*, 2011 IL App (4th) 100311, ¶ 36.

¶ 19    To be sure, "[t]here is a strong presumption that the trial court based its sentencing determination on proper legal reasoning, and the court is presumed to have considered any evidence in mitigation which is before it." *People v. Donath*, 357 Ill. App. 3d 57, 72, 827 N.E.2d 1001, 1014 (2005). "A reviewing court gives great deference to the trial court's judgment regarding sentencing because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the 'cold' record." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). "Consequently, the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently." (Internal quotation marks omitted.) *People v. Alexander*, 239 Ill. 2d 205, 213, 940 N.E.2d 1062, 1066 (2010).

¶ 20                              B. The Sentencing Hearing

¶ 21          Defendant's substantive and procedural claims diminish the seriousness of his

offense; moreover, they center around only a portion of the trial court's comments during the

sentencing hearing. Indeed, defendant's claims ignore his significant prior criminal history, along

with his continuous and repeated failures to comply with the terms of previous probationary

sentences as well as the orders of the court in this case.

¶ 22          Defendant's claims notwithstanding, the record confirms the trial court committed

no errors, either procedural or substantive, in sentencing defendant. The court stated on the

record it "considered the [PSI (by that we can assume the court included both the initial report

and its addendum)], the arguments from counsel, the factors in mitigation as tendered by

[defendant's] counsel, and [defendant's] statement on [his] own behalf." The court also expressly

noted its awareness of the statutory factors in aggravation and mitigation applicable to

defendant's case. See *Donath*, 357 Ill. App. 3d at 72 ("There is a strong presumption that the trial

court based its sentencing determination on proper legal reasoning, and the court is presumed to

have considered any evidence in mitigation which is before it."). Moreover, a trial court need not

explicitly analyze each relevant factor or articulate the basis for the sentence imposed, so, when

mitigating evidence is offered, it is presumed that the court considered it when imposing

sentence. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46, 19 N.E.3d 1070.

¶ 23          Defendant points to two recently codified mitigating factors: (1) whether

defendant is serving as a caregiver for a relative who is ill, disabled, or elderly and (2) whether

the defendant is a parent of a child who would be negatively affected by their parent's absence

(see 730 ILCS 5/5-5-3.1(a)(18), (19) (West 2020)), and he argues we are to give these factors

"great weight." However, this is asking us to reweigh the factors in mitigation upon which the

trial court chose to rely—something we are not to do. See *Alexander*, 239 Ill. 2d at 214-15 (stating it is not our function to independently reweigh these factors and substitute our judgment for that of the trial court).

¶ 24 Defendant goes on to claim, "[t]he primary factor in aggravation that the trial court considered was [defendant's] poor performance on probation." Reviewing the record, we see the court first noted the two mitigating factors referenced above, and it then stated:

"As to the factors in aggravation, probably as you probably are well aware one of the primaries on that one is that your prior criminal history, it is a lengthy one. ***

[Y]ou've had 16 prior traffic offenses, four prior misdemeanor offenses, five felony offenses.

And as was pointed out here today you have been given community[-]based sentences on a number of occasions, and I have yet to see in this [PSI] a successful community[-]based sentence by you."

¶ 25 We could stop there and find the trial court did not abuse its discretion when it imposed a three-year penitentiary sentence for aggravated DUI under these circumstances. The fact defendant had amassed the criminal history revealed in his PSI, along with a record of never successfully completing a community-based sentence, could reasonably lead to a conclusion such a sentence was no longer appropriate. Further, the fact defendant was unable to comply with probation over an extended period, while also failing to appear or comply with basic court directives in this case, could reasonably lead a trial court to conclude a minimum sentence was insufficient.

¶ 26        As stated *supra*, to find a trial court's sentencing decision to be an abuse of discretion, we would need to conclude the trial court's sentence was "arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it." (Internal quotation marks omitted.) *People v. O'Neal*, 2021 IL App (4th) 200014, ¶ 69, 192 N.E.3d 724. At the time of defendant's admission to the second PTR, both the State and defense agreed defendant was eligible for a sentence of between one to three years for the underlying aggravated DUI conviction. His sentence was within the statutory guidelines for the offense, and when a sentence falls within the statutory guidelines it will not be disturbed on review unless it is manifestly disproportionate to the nature of the offense. *Price*, 2011 IL App (4th) 100311, ¶ 36; see also *People v. Kerkering*, 283 Ill. App. 3d 867, 872, 671 N.E.2d 368, 372 (1996).

¶ 27        Here, the trial court expressly stated for the record its consideration of all statutory factors in aggravation and mitigation and referenced the seriousness of the offense. The court went on to note, however, defendant had an active warrant for failing to appear in a case in Florida as well as an active warrant in Adams County, Illinois, for a misdemeanor. Defendant's failure to complete the community-based sentence in this case along with his failure to appear for sentencing were also mentioned. These are valid considerations for the trial court. See *People v. Rathbone*, 345 Ill. App. 3d 305, 312, 802 N.E.2d 333, 339 (2003) ("[W]hen resentencing after a revocation of probation, trial courts are entitled to consider the defendant's conduct on probation."). The court also mentioned deterrence was an important consideration. Deterrence is an appropriate statutory factor for the court to consider. See 730 ILCS 5/5-5-3.2(a)(7) (West 2020). The trial court then found "a further community[-]based sentence would deprecate the seriousness of *this* offense." (Emphasis added.) This was an obvious reference to the aggravated

DUI for which defendant was being sentenced, contrary to defendant's assertion the court never referenced the underlying offense at sentencing.

¶ 28 After noting further failures by defendant to comply with the terms of his probation or orders of the court, the trial court made the necessary findings for a sentence of imprisonment: "The Court feels that a sentence of incarceration is important for the protection of the public, and as indicated it would deprecate the seriousness of the offense to give a sentence other than one to the department of corrections." See 730 ILCS 5/5-6-1(a)(1), (2) (West 2020). Defendant parses the words of the trial court to allege both a procedural and substantive abuse of discretion, while at the same time minimizing his abysmal criminal history, continuous and repeated failures at community-based sentences, and continued lack of compliance with the terms of probation or orders of the court. There is no need to address defendant's newly raised plain error argument because we find no abuse of discretion—substantive or procedural. See *People v. Smith*, 372 Ill. App. 3d 179, 181, 865 N.E.2d 502, 504 (2007) ("[W]ithout error, there can be no plain error.").

¶ 29 III. CONCLUSION

¶ 30 For the reasons stated, we affirm the judgment and sentence of the trial court.

¶ 31 Affirmed.