NOTICE
This Order was filed under
Supreme Court Rule 23 and
is not precedent except in the
limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 190340-U

NO. 4-19-0340

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 28, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JAMIE MATHIS, | ) | No. 18CF186 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, granting appellate counsel's motion to withdraw
after finding any potential issues for appeal are meritless.

¶ 2    Following an April 2019 bench trial, the court found defendant, Jamie Mathis,

guilty of possession of a controlled substance (heroin) a Class 4 felony (720 ILCS 570/402(c)

(West 2018)). At the May 2019 sentencing hearing, the trial court denied defendant's motion for

a new trial and sentenced defendant to 24 months of probation, 180 days of periodic

imprisonment, and 40 hours of community service, and it ordered him to pay a $750 public

defender reimbursement fee.

¶ 3    On appeal, the Office of the State Appellate Defender (OSAD) moves to

withdraw its representation of defendant pursuant to *Anders v. California*, 386 U.S. 738 (1967),

contending any appeal would be frivolous. We grant OSAD's motion and affirm the trial court's

judgment.

¶ 4                                    I. BACKGROUND

¶ 5          In June 2018, the State charged defendant by information with possession of a controlled substance, a Class 4 felony (720 ILCS 570/402(c) (West 2018)), alleging he knowingly possessed an amount of substance containing heroin.

¶ 6          In January 2019, defendant waived his right to a jury trial and requested a bench trial, which occurred in April 2019. At trial, Officer Johnathan Marion, a Pontiac police officer, testified he was assigned to the department's drug unit and was working with the unit on June 26, 2018. He testified that shortly after midnight, he and other officers were dispatched to a possible domestic disturbance at the Fiesta Motel. As he approached the motel room, he saw the window curtain move and saw "what appeared to be a syringe" inside the room, but he was uncertain. He knocked on the motel room door, defendant answered, and they spoke outside. Other officers entered the room to speak with defendant's female companion. Marion testified that after informing defendant of the reason for the police presence, he noticed defendant had a "track mark" between one of his fingers on his left hand. This prompted Marion to inquire if there were any drugs in the motel room. Marion specifically asked him about heroin, and defendant answered he had "just used" and there was possibly more heroin inside.

¶ 7          Officer Jace Koerner testified he too responded to the motel with Officer Marion on the night of the incident. Koerner said he entered the room to speak with the female companion and observed a Brillo pad on the dresser. He confirmed that through his training and experience, he was aware Brillo pads can be used for the injection of a controlled substance. Having discovered the Brillo pad, he began to search the room and located several syringes, along with 16 small "jeweler baggies," approximately one inch by one inch, scattered throughout the single-room motel room. Each baggie contained a "white powdery residue."

¶ 8        The parties then stipulated to the Illinois State Police Forensic Laboratory results indicating one of the plastic bags found within the motel room contained heroin residue. The State admitted the laboratory report into evidence without objection and rested its case. The trial court then asked if defense counsel wanted to present any evidence, and the defense rested. The trial court heard arguments from the parties, found defendant guilty of possession of heroin, and set the matter for sentencing.

¶ 9        In April 2019, defendant filed a "Motion for New Trial and Other Post-Trial Relief." In his posttrial motion, defendant claimed the State failed to prove the essential elements of the offense and therefore failed to prove him guilty beyond a reasonable doubt. At the sentencing hearing, the trial court denied defendant's posttrial motion and sentenced him to 24 months of probation, 180 days of periodic incarceration, and 40 hours of public service work, and without objection from defendant, it imposed a $750 public defender fee. This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, OSAD filed a motion to withdraw as counsel and has included a supporting memorandum. Proof of service has been shown on defendant. This court granted defendant leave to file additional points and authorities on or before October 22, 2020. None have been filed. Based on our examination of the record, we conclude, as has OSAD, that an appeal in this cause would be frivolous.

¶ 12        In the case *sub judice*, OSAD contends any appeal in this cause would be frivolous because any potential appealable issues are without merit. OSAD states the potential issues it reviewed included: (1) whether the State presented sufficient evidence to prove defendant guilty of possession of a controlled substance, (2) whether the trial court improperly

assessed a $750 public defender reimbursement fee, (3) whether defense counsel was ineffective for failing to file a motion to suppress evidence, (4) whether the trial court committed reversible error by failing to admonish defendant about his right to testify, and (5) whether any errors occurred at sentencing. Based on our review of the record and the law, we believe OSAD is correct. Accordingly, we grant OSAD's motion to withdraw.

¶ 13        First, OSAD argues there is no colorable argument the State did not prove defendant guilty beyond a reasonable doubt of possessing a controlled substance. We agree.

¶ 14        To prove defendant guilty of possessing a controlled substance, the State must prove defendant knowingly possessed a controlled substance. See 720 ILCS 570/402(c) (West 2018). Possession can be actual or constructive. Actual possession exists when defendant exerts some form of dominion over the controlled substance. Constructive possession entails no actual personal dominion, but there exists an intent and a capability to maintain control over the controlled substance. See *People v. Morrison*, 178 Ill. App. 3d 76, 90, 532 N.E.2d 1077, 1086 (1988). Personal dominion over an object does not require actual touching of the object. *People v. Clark*, 173 Ill. App. 3d 443, 451, 526 N.E.2d 356, 362 (1988). Personal dominion exists when a defendant exercises immediate and exclusive dominion or control over the object. *People v. Gonzalez*, 313 Ill. App. 3d 607, 616, 730 N.E.2d 534, 543 (2000). "[E]xclusive control does not mean that possession may not be joint." *People v. Roberts*, 263 Ill. App. 3d 348, 353, 636 N.E.2d 86, 90 (1994). For a claim regarding the sufficiency of the evidence, a reviewing court must look at the evidence in the light most favorable to the prosecution and decide whether any rational trier of fact could have found beyond a reasonable doubt the defendant committed the essential elements of the crime. *People v. Collins*, 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277 (1985).

¶ 15        At trial, Officer Marion testified after defendant exited the motel room, he noticed

a "track mark" on defendant's hand, defendant informed him he had recently used heroin, and there was possibly some more within the motel room. Officer Koerner found 16 baggies containing heroin residue and multiple syringes scattered throughout the small motel room. It was not required for the heroin to be found on defendant's person to satisfy actual possession. *Clark*, 173 Ill. App. 3d at 451. His acknowledgment of recent use and statement about the likelihood of additional heroin in the room constitutes, at a minimum, his knowledge of and dominion over at least some of the heroin located within the room. The fact his statements came after exiting that same relatively small motel room where the heroin baggies and syringes were then found "scattered throughout" further evinces his "personal dominion" over the heroin such that it was in his actual possession. *People v. Schmalz*, 194 Ill. 2d 75, 83, 740 N.E.2d 775, 779-80 (2000). Based on this evidence, any rational trier of fact could have found defendant knowingly possessed some of the heroin in the room, thereby committing the offense of possession of a controlled substance. *Collins*, 106 Ill. 2d at 261.

¶ 16        Turning to defendant's public defender reimbursement fee issue, we agree with OSAD that the trial court did not err, which makes this a frivolous issue on appeal. The statute allows the court to impose a public defender fee on a defendant after considering defendant's financial circumstances. 725 ILCS 5/113-3.1(a) (West 2018). If the court does impose such a fee, it is required to conduct a hearing into a defendant's financial circumstances and allow the defendant an opportunity to present evidence regarding his or her ability to pay such a fee. *People v. Somers*, 2012 IL App (4th) 110180, ¶ 28, 970 N.E.2d 606. However, it is well established a party "cannot complain of error that it brought about or participated in." *People v. Hughes*, 2015 IL 117242, ¶ 33, 69 N.E.3d 791 (citing *People v. Villarreal*, 198 Ill. 2d 209, 227-28, 761 N.E.2d 1175, 1184-85 (2001)). Here, once the trial court sentenced defendant to

probation, it stated defendant was entitled to a separate hearing on his ability to pay a public defender reimbursement fee, which it planned to conduct at that moment. It then asked if defendant would be able to pay a public defender reimbursement fee if "given time." Defendant responded in the affirmative. The trial court then inquired, "so any objection to a $750 [public defender reimbursement] assessment?" Defendant responded, "No." Since defendant stated he had no objection to paying the fee, we agree it would be fruitless to pursue this issue on appeal. See *People v. Dunlap*, 2013 IL App (4th) 110892, ¶ 11, 992 N.E.2d 184 (defendant waived challenging the public defender fee because he affirmatively acquiesced to the amount of the reimbursement.) Further, a trial court is allowed to rely on a presentence investigation report that contains financial data as evidence of a defendant's financial condition, which it had at the time of the hearing. *People v. Barbosa*, 365 Ill. App. 3d 297, 302, 849 N.E.2d 152, 155 (2006).

¶ 17    Turning to the third issue of ineffective assistance of counsel, we likewise agree with OSAD that this claim is meritless. Whether defense counsel decides to file a motion to suppress is a matter of trial strategy, which is entitled to great deference. *People v. Gayden*, 2020 IL 123505, ¶ 28, 161 N.E.3d 911. In order for a defendant to establish ineffective assistance based on trial counsel's failure to file a motion to suppress, he must demonstrate the unargued suppression motion was meritorious, and a reasonable probability exists the outcome of the trial would have been different if the trial court granted the motion. *People v. Henderson*, 2013 IL 114040, ¶ 15, 989 N.E.2d 192. A warrant supported by probable cause is required before entering a motel room unless there are exigent circumstances. *People v. Vought*, 174 Ill. App. 3d 563, 568, 528 N.E.2d 1095, 1099 (1988). However, a warrantless search that is conducted with a defendant's voluntary consent does not violate the fourth amendment and is therefore permissible. *People v. Anthony*, 198 Ill. 2d 194, 202, 761 N.E.2d 1188, 1192 (2001).

¶ 18          Here, we do not know whether defendant provided consent to enter the room, if there were exigent circumstances based on the domestic incident, or if Officer Koerner's testimony the heroin baggies were "scattered throughout" means he saw them in plain view. The record does reveal the police were dispatched to the motel room for a domestic dispute, but we do not know any other details. Similarly, the testimony at the bench trial revealed defendant admitted to recently using heroin and there was "possibly" some more inside the room, but whether or not he provided consent for the officers to enter is unclear. We can make reasonable inferences based on the evidence that defendant's initial encounter with the police was consensual since he spoke with them outside the room. Further, he consented to speak with police before making admissions, and the police had probable cause to speak with his female companion based on the call about the domestic dispute. One can also reasonably infer that "scattered throughout" means Officer Koerner saw the heroin baggies and syringes in plain view after he saw the Brillo pad on the dresser. However, these questions were not asked, and the details were not explored, because the reason the police officers entered the motel room was not the focus of the bench trial. There is not sufficient information regarding the police officers' warrantless entry and search of the motel room. Trial counsel is afforded great deference as to his decision whether to file a motion to suppress (*Gayden*, 2020 IL 123505, ¶ 28), and without more details, we defer to his decision not to file such a motion. In addition, if defendant now sought to deny any interest in the seized material, he would have no standing to pursue suppression. *Morrison*, 178 Ill. App. 3d at 82. Thus, defendant failed to meet his burden that filing a motion to suppress would have been meritorious and the trial outcome would have been different upon the granting of such motion. *Henderson*, 2013 IL 114040 ¶ 15.

¶ 19          OSAD also claims there is no colorable argument the trial court erred by failing to

admonish defendant of his right to testify at his bench trial. We agree.

¶ 20        After the State's presentation of evidence, the trial court asked the defense if they wanted to present any evidence. The defense declined, the court asked if the parties were ready to proceed with argument, and both parties presented a brief argument to the court. At no point did the court admonish defendant about his right to testify or question defense counsel about informing defendant of this right. OSAD is right in its assertion this would be a meritless argument, because as it correctly points out, our supreme court has held this is not required. A trial court has no duty to admonish a defendant represented by counsel of his right to testify, nor is a trial court required to ensure any waiver regarding his right to testify occurred on the record. See *People v. Smith*, 176 Ill. 2d 217, 235, 680 N.E.2d 291, 303 (1997) ("the trial court is not required to advise a defendant of his right to testify, to inquire whether he knowingly and intelligently waived that right, or to set of record defendant's decision on this matter"). Therefore, the trial court's failure to admonish defendant about his right to testify did not constitute error, and any appeal on such an issue would be frivolous.

¶ 21        Finally, OSAD reviewed any possibilities of sentencing errors in the trial court's ruling and found any appeal on this ground would also be frivolous. We agree.

¶ 22        "When imposing a sentence, the trial court must consider statutory factors in mitigation and aggravation, but the court need not recite and assign a value to each factor it has considered." *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494. Here, the trial court stated, "I have specific statutory factors that I'm to look at, and then to determine what the right sentence is from there." The court went on to identify two mitigating factors, namely: defendant's lack of criminal history and his conduct did not cause or threaten serious harm. The court also noted that deterrence, albeit a factor, was not a strong factor in this case. There is

nothing in the record that supports a basis for appeal claiming the trial court improperly considered statutory factors.

¶ 23    In the same vein, we also agree with OSAD there would be no meritorious claim on appeal that the trial court's sentence was excessive.

¶ 24    When a sentence falls within the statutory range of sentences possible for a particular offense, it is presumed reasonable. *People v. Moore*, 41 Ill. App. 3d 3, 4, 353 N.E.2d 191, 192 (1976). Here, defendant was convicted of a Class 4 felony and subject to a range of penalties from one to three years in the Illinois Department of Corrections, the possibility of probation or conditional discharge up to 30 months, and periodic imprisonment up to 18 months. See 730 ILCS 5/5-4.5-45(a), (b), (d) (West 2018). Defendant's sentence of 24 months of probation and 180 days of periodic jail time fell within the statutory sentencing range of the offense; thus, we presume it a reasonable sentence.

¶ 25                                  III. CONCLUSION

¶ 26    For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 27    Affirmed.